NATURE'S RIVAL COMPANY *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed February 16, 1927.*

1. MUNICIPAL CORPORATIONS—*regulatory ordinance under general powers must be reasonable.* A regulatory ordinance enacted under general charter powers must be reasonable as well as constitutional and must tend to promote the public health, morals, safety or welfare, and the regulatory provisions must be reasonably adapted to that end and not unduly oppressive on individuals.

2. SAME—*regulatory ordinance cannot exact license fee solely to raise revenue.* Where the power to license is impliedly conferred upon a city as an incident to regulation it may be exercised only in connection with the proper regulation of the business or occupation licensed and not for the sole purpose of raising revenue, and the license fee imposed must bear some reasonable relation to the additional burdens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision.

3. SAME—*the Chicago ordinance for licensing wearing-apparel shops is invalid.* The provisions of the municipal code of Chicago for the licensing of wearing-apparel shops are invalid as not within any express power conferred upon cities by the legislature, and where the ordinance by its terms is not limited to the regulation, control and licensing of sweatshops the requiring of a license fee of all wearing-apparel shops as defined in the ordinance has no apparent purpose other than the mere raising of revenue.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellant.

DAVID R. CLARKE, and JOHN HARRINGTON, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellees, manufacturers of wearing apparel in the city of Chicago, brought suit in the circuit court of Cook county against the city of Chicago to enjoin the city from enforcing an ordinance requiring the licensing of wearing-apparel shops. The circuit court held the ordinance invalid. The court made the certificate required by the statute, and the city has appealed to this court.

The first section of the ordinance is:

"2465. *Wearing-apparel shop defined.* — The term 'wearing-apparel shop,' as used in this article, shall be construed to mean any building, room, enclosure, premises or place in the city where any wearing apparel or any component parts thereof are manufactured, made, altered or repaired, for sale or for wages or compensation."

The second section provides that "no person, firm or corporation shall manage, conduct, operate or carry on a wearing-apparel shop without first having obtained a license therefor." The third section specifies the manner of procuring a license. The fourth section provides for an annual license fee, graded upon the number of persons engaged in such wearing-apparel shop, ranging from a fee of $2 when one person is engaged to $200 when over 300 persons are engaged. Another section specifies certain sanitary requirements, and another provides a penalty for any violation of the ordinance.

Appellant seeks to sustain this ordinance under paragraph 78 of section 1, article 5, of the Cities and Villages act, which authorizes city councils to make all regulations necessary or expedient for the promotion of health or the

suppression of disease. A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals, enacted under general charter powers, is not only required to be constitutional but it must be reasonable as well. The court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare and that the means adopted are adapted to that end and not unduly oppressive upon individuals. (*Elie* v. *Adams Express Co.* 300 Ill. 340.) If a general power is given to a municipal corporation to act on a particular subject but there is no express authority to do a certain thing or pass a particular ordinance, the courts assume the legislative intent to be that the general power shall be exercised in a reasonable manner, and all ordinances passed under a general power must therefore be reasonable, and not vexatious, unequal or oppressive. (*Landberg* v. *City of Chicago,* 237 Ill. 112.) No express power is conferred upon cities by the legislature to license or regulate wearing-apparel shops. The passage of this ordinance is not merely the exercise of a power, as contended by appellant, to regulate, control and license sweat-shops, but by its terms it would require every seamstress in Chicago who in her own room may alter or repair any wearing apparel or the component parts thereof, for sale or compensation, to pay a license fee of two dollars. There can be no reasonable connection between such requirement and the alleged purpose of this ordinance.

Where the power to license is impliedly conferred upon a city as an incident to regulation it may only be exercised in connection with other proper regulations of the business or occupation for which the license is granted. The city has no power to exact such a license fee solely for the purpose of raising revenue. In the exercise of the police power for the purpose of regulation, the authority of a municipality is limited to such a charge for a license as will bear some reasonable relation to the additional bur-

dens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision. (*Bauer* v. *City of Chicago,* 321 Ill. 259.) There is in the instant case no reasonable relation between the investigation concerning the reliability of an applicant for a license which the city collector is required to make, and the fees prescribed by the twelve classifications. Neither the city collector's duty nor the expense involved in performing that duty can justify license fees ranging from $2 to $200, depending upon the number of the applicant's employees. It is apparent that the license fees were imposed solely for the purpose of raising revenue.

The circuit court properly held the ordinance in question invalid, and its decree is affirmed.

*Decree affirmed.*