New-Mark Builders, Inc., a Corporation, Plaintiff-Appellant, v. City of Aurora, a Municipal Corporation, Albert D. McCoy, Mayor of the City of Aurora, James A. Ahlgren, Commissioner of Streets and Public Improvements, John A. Cunningham, Commissioner of Sewers, Water and Lights, Charles E. Kobelenz, Commissioner of Accounts and Finance, and Herbert A. Wyeth, Commissioner of Public Health, Safety, Parks and Airport, Defendants-Appellees.

Gen. No. 67–40.

Second District.

December 12, 1967.

Rehearing denied February 1, 1968.

O'Brien, Burnell, Puckett and Barnett, of Aurora, for appellant.

David P. Peskind, and William J. Foote, of Aurora, for appellees.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, New-Mark Builders, Inc., filed a petition seeking a writ of mandamus to compel the defendant, the City of Aurora, to approve its request for the annexation of certain contiguous land. The defendant filed a motion to dismiss, alleging that the action of the City on plaintiff's request for annexation was legislative in nature, and that its discretion in a legislative matter was not subject to judicial review. The trial court dismissed the plaintiff's petition and the plaintiff appealed.

The petition for mandamus alleged that the plaintiff was the owner of Unit No. 2 of Heritage Subdivision—the land which it seeks to have annexed and which the City refused to annex; that it was the owner of a larger parcel of land which it divided into three subdivisions: Heritage Green, Unit No. 1 of Heritage Subdivision and Unit No. 2 thereof; and that the three subdivisions were laid out, subdivided and were to be developed as one overall project. The petition further stated that the preliminary plans for the three subdivisions were submitted to and disapproved by the Aurora Planning Commission in December of 1963; that the reason stated for the disapproval was that these plans did not provide open space for Indian Trail Road, which was to pass through the land comprising the proposed subdivisions; that thereafter the plaintiff revised its plans to provide open space for the proposed highway through the said subdivisions; and that the final plans for Heritage Green and Units Nos. 1 and 2 of Heritage Subdivisions were approved by the Aurora Planning Commission and then by the Aurora City Council.

The plaintiff's petition further asserted that Heritage Green and Unit No. 1 of Heritage Subdivision were thereafter annexed to the City of Aurora, but with no requirement that the plaintiff dedicate or construct the portion of Indian Trail Road passing through these subdivisions;

100

that subsequently, the plaintiff filed its petition to annex Unit No. 2 of Heritage Subdivision which contained the same reservation in its plat of open space for the use of the proposed Indian Trail Road as did the plats of the two prior subdivisions; and that the City denied this petition, apparently on the grounds that the plaintiff must first dedicate and construct that portion of Indian Trail Road passing through this subdivision.

The plaintiff further alleged that Heritage Green and Unit No. 1 of Heritage Subdivision were developed and annexed to the City after all three of the subdivisions were approved by both the Planning Commission and the City Council; that the City at no time indicated prior to its annexation of Heritage Green and Unit No. 1 that it would impose as a condition precedent to the annexation of Unit No. 2 that there be a dedication and construction of Indian Trail Road passing through it; and that the City should be estopped to impose such a condition now.

█ The sole issue before us is whether the petition stated a cause of action and thus defeated the City's motion to dismiss. The City contends that plaintiff's petition for annexation, filed under Ill Rev Stats, 1965, c 24, § 7–1–8, invoked its legislative power and authority; and that it had the absolute right to either accept or refuse the annexation. The City's position in this regard is well taken. The determination of whether a municipality should expand its boundaries is purely a legislative function which rests within the discretion of the legislative branch of the government. North v. Board of Education, 313 Ill 422, 425, 145 NE 158 (1924); City of Galesburg v. Hawkinson, 75 Ill 152, 156–158 incl. (1874); La Salle Nat. Bank v. Village of Burr Ridge, 81 Ill App2d 209, 219, 225 NE2d 33 (1967).

█ The plaintiff contends that inasmuch as it had complied with all of the statutory and ordinance requirements for annexation, the City's determination as to whether it should annex pursuant to plaintiff's petition

101

was purely a ministerial act and not a legislative act involving its discretion. In this respect the plaintiff cites People v. City of Park Ridge, 25 Ill App2d 424, 166 NE2d 635 (1960). That case, however, deals with the question of the approval of the resubdivision of certain property. The court there held that the approval by the City Council was a ministerial act when the appropriate statutes and ordinances have been complied with. Such is not the case with reference to the question of annexation, and the municipal authorities retain the discretionary right to either accept or reject the petition filed with it. Ill Rev Stats 1965, c 24, § 7–1–8.

■■■ The plaintiff argues, however, that the City is estopped by its prior conduct to deny the annexation of Unit No. 2 of Heritage Subdivision. Under recognized law, the doctrine of estoppel may, in a proper case, be applied against a municipal corporation, even when it is acting in a governmental capacity. Hickey v. Illinois Cent. R. Co., 35 Ill2d 427, 448, 183 NE2d 175 (1966); City of Quincy v. Sturhahn, 18 Ill2d 604, 614, 165 NE2d 271 (1960). Whether the doctrine of estoppel may be applied against a municipal corporation depends upon a consideration of all the circumstances of the case. Before the doctrine can be invoked, there must be some positive acts by the municipal officers which induced the action of the adverse party. Mere nonaction is not enough. Also, the doctrine may be invoked only to prevent injustice and fraud. If under all of the circumstances, the affirmative acts of the public body have caused another to take certain actions which have created a situation where it would be inequitable and unjust to permit the public body to, in effect, retract what it previously had done, the doctrine of estoppel may be applied against it. Gregory v. City of Wheaton, 23 Ill2d 402, 407, 408, 178 NE2d 358 (1961); City of Quincy v. Sturhahn, supra; People v. Wieboldt, 233 Ill 572, 580, 84 NE 646 (1908); Stahelin v. Board of Ed-

ucation, 87 Ill App2d 28, 230 NE2d 465 (1967) ; 28 Am Jur2d, Estoppel and Waiver, §§ 122 and 123, pp 782–787 incl.

It appears from the petition before us that the plaintiff developed the three subdivisions under one comprehensive plan. When the first three plans were disapproved because of the failure to provide space for the proposed Indian Trail Road, they were revised to eliminate this defect; and thereupon the revised plans were approved by the City Council—Heritage Green and Unit No. 1 of Heritage Subdivision in February of 1964, and Unit No. 2 in April of 1965. Heritage Green and Unit No. 1 were then developed by plaintiff and annexed to the City of Aurora. Nothing was required with reference to Heritage Green and Unit No. 1 of Heritage Subdivision other than that open space be reserved for Indian Trail Road. The plaintiff then proceeded to develop Unit No. 2 in the same manner as the earlier units. The plaintiff contends that, in developing Unit No. 2, it relied upon the acceptance of Heritage Green and Unit No. 1 by the City on the basis of a reservation of open space for Indian Trail Road; and that upon the annexation of the prior units nothing further was required. It asserts that to refuse annexation at this time would be totally unjust in that it has expended large sums of money in the development of the total subdivision in reliance upon defendant's acts; and that to redesign the plat and redevelop the construction plans to meet the approval of the County in contrast to the City would cost substantial additional expenditures.

■ ■ A mandamus proceeding is an action at law and is governed by the rules which apply to other actions at law. People ex rel. Pignatelli v. Ward, 404 Ill 240, 243, 88 NE2d 461 (1949) ; People v. Palmer, 356 Ill 563, 569, 191 NE 199 (1934). Thus, the City's motion to dismiss the plaintiff's petition admitted all facts well pleaded. Acorn Auto Driving School v. Board of Education, 27

103

Ill2d 93, 96, 187 NE2d 722 (1963); Reel v. City of Freeport, 61 Ill App2d 448, 451, 209 NE2d 675 (1965).

 We believe that under the allegations of the petition, the plaintiff stated a cause of action, based upon the possibility of the application of the doctrine of estoppel against the City. It is apparent that the three subdivisions were designed and promoted as one overall development, the nature of which was materially affected by the actions of the City in providing what was, and what was not, required for the acceptance of the respective plats. The prior annexations of these accepted plats of Heritage Green and Unit No. 1 of Heritage Subdivision might well induce the plaintiff to assume that Unit No. 2 would be accepted for annexation under the same terms and conditions as the prior subdivisions. Municipal corporations, as well as private corporations and individuals, are bound by the principles of fair dealing. Stahelin v. Board of Education, supra; McGovern v. City of Chicago, 281 Ill 264, 283, 284, 118 NE 3 (1917).

Where necessary to prevent an injustice, the doctrine of estoppel may be applied against a municipal corporation. We believe that the petition for mandamus sets forth sufficient allegations to raise the possibility of the application of this doctrine. We are not suggesting that the doctrine either should, or should not, be applied against the defendant City in this case. That can only be determined from such facts as may be shown by the evidence to exist in the case. We do believe, however, that the petition states a cause of action. Therefore, the case should be reversed and remanded for further proceedings upon the petition, or such amendments as may be made thereto, and upon such answer and reply as may be filed in said proceeding.

Reversed and remanded.

MORAN and ABRAHAMSON, JJ., concur.