James P. Sweeney, Plaintiff-Appellee, *v.* The City of Chicago, Defendant-Appellant.

(No. 54623;

First District—January 11, 1971.

538

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Peter Fitzpatrick, Assistants Corporation Counsel, of counsel,) for appellant.

Doyle, Budzinski & Brogan, of Chicago, (John A. Doyle and Gerald M. Chapman, of counsel,) for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Plaintiff, a City of Chicago police officer, brought this action to recover for personal injuries sustained when a rear wheel of a Chicago Police Department motorcycle he was riding became disengaged from the vehicle, throwing plaintiff to the pavement. The complaint alleged alternate theories of *res ipsa loquitur* and negligence on the part of the defendant City of Chicago.

The defendant filed a "Motion to Dismiss the Complaint," asserting that the action was barred by reason of the provisions of the City of Chicago Municipal Code and of the Illinois Pension Code. Plaintiff thereafter challenged the applicability of the Pension Code on the ground that the ordinance purportedly passed pursuant to the Pension Code

did not conform to the requirements set out in that Code, and that if the Pension Code was applicable, it violated the due process and equal protection clauses of the United States and the Illinois Constitutions. Plaintiff also contended that the Pension Code violated Article IV, Section 13 of the Illinois Constitution relating to the scope of the title to an act of the legislature. The City filed a reply to plaintiff's answer.

The trial court denied defendant's motion to dismiss and certified two questions of law to this Court pursuant to Supreme Court Rule 308:

"Is a common-law action by a Chicago policeman against the city for personal injuries sustained in the line of his duty barred by statute, ch. 108½ Ill. Rev. Stat. Sec. 22—306 and § 22—307, and by ordinance, Municipal Code of Chicago § 22—18 to 22—22, referring to the statute? [*sic*]

"Are the statute and ordinance unconstitutional?"

Defendant thereupon filed a Petition for Leave to Appeal to this Court, which application was joined in by plaintiff. The Petition for Leave to Appeal was allowed.

It appears from the pleadings and the various affidavits and exhibits filed below that plaintiff was a City of Chicago police officer on May 13, 1968, on which date he was driving a three-wheeled motorcycle in the course of his duty as an officer, proceeding south on Lake Shore Drive from a police department maintenance garage to a local police station. The left rear wheel suddenly and apparently unexpectedly came off the vehicle, throwing plaintiff to the pavement and causing serious injuries.

It further appears that since the date of the mishap, plaintiff has received "duty disability" from the Policemen's Annuity and Benefit Fund in the amount of $3,375 from June 16 to October 31, 1969, at a rate of $750 per month, and has been recorded on the Police Department Pension Fund rolls at that rate. It also appears that the defendant has paid $33,096.30 on behalf of palintiff for doctors, hospital, nursing and ambulance services.

The pertinent provisions of the Ilinois Pension Code are as follows:

"§ 22—306. Medical care and hospital treatment—Dependents.

The corporate authorities of any city or the village may provide by ordinance that in case of an accident resulting in an injury to or death of a policeman or fireman in the employ of such city or village while in the performance of his duties, the officer at the head of the department or such other officer as may be designated may secure and provide proper medical care and hosptial treatment for any such policeman or fireman. The city or village may incur the expense aforesaid and appropriate and pay for the same.

If any such accident shall be due to the negligence of some person or corporation that would be liable in damages therefor, the city or village may recover any expense of medical care and hospital treatment expended by it from the person or corporation liable.

"The corporate authorities of any city or village may provide by ordinance for the payment by said city or village of all or any part of the cost of a hospital plan or medical-surgical plan, or both, for the dependents of any policeman or fireman killed in the line of duty or who dies as the result of duty connected injuries, and for any policeman or fireman and his dependents, provided his retirement is caused by a duty injury. 'Dependent' as used in this paragraph shall mean the wife of the policeman or fireman and his minor children less than 20 years of age and living at home and dependent on the policeman or fireman for support.

§ 22—307. Common law or statutory rights barred.

Whenever any city or village enacts an ordinance pursuant to this Division, no common law or statutory right to recover damages against such city or village for injury or death sustained by any policeman or fireman while engaged in the line of his duty as such policeman or fireman, other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available to any policeman or fireman who is covered by the provisions of such ordinance, or to anyone wholly or partially dependent upon such policeman or fireman, or to the legal representative of the estate of such policeman or fireman, or to anyone who would otherwise be entitled to recover damages for such injury or death. * * *." (Ill. Rev. Stat. 1969, Chap. 108½, pars. 22—306, 22—307.)

The pertinent provisions of the implementing City of Chicago ordinance are as follows:

"Medical and Hospital Care

22—18. Whenever the city council shall appropriate a sum or sums of money for the payment of medical care and hospital treatment in case of an accident resulting in an injury to or death of a policeman or fireman employed by the city while in the performance of his duties, in accordance with the provisions of an act of the general assembly entitled 'An Act authorizing cities and villages to provide for the payment of allowances of money to the families or dependents of policemen and firemen killed or fatally injured while in the performance of their duties and authorizing such cities and villages to provide medical care and hospital treatment in case of accident to policemen and firemen,' approved June 27, 1921, as amended, the

same shall be paid, disbursed and recouped in accordance with the following provisions.

22—19. The committee on finance of the city council is hereby authorized, directed and empowered to provide for payment for proper medical care and hospital treatment for accidental injuries sustained by any policeman or fireman, while in the performance of his duties, and to that end may recommend to the city council the authorization for payment of any such necessary expenses.

22—20. It shall be the duty of the superintendent of police in the case of a policeman, and of the fire commissioner in the case of a fireman, upon the occurrence of any accidental injury in the performance of duty, to have immediate medical care and hospital treatment given to such policeman or fireman; to make or cause to be made a complete and careful investigation of all facts surrounding the occurrence; to obtain the statements of all material witnesses; and to present a report thereof without delay to the said committee on finance for consideration and action thereon, which consideration shall include the determination by said committee as to whether or not such injury was occasioned by the negligence of any other person or by any agent or servant of such other person. Such report shall show the actual date and hour of the injury, the place of occurrence, the names and addresses of witnesses, and the apparent nature and extent of the injury. Such report shall also show all items of expense, with bills attached, together with a certificate by the chief physician of the department concerned as to the reasonableness of charges made for the services rendered, and the recommendation of the head of the department concerned as to payment of such items of expense by the city.  *  *  *

22—21. In the event that the said committee on finance is of the opinion, from all the facts and circumstances presented to it in the said report or otherwise ascertained by it, that such injury was occasioned by the negligence of some other person, or by the negligence of any agent or servant of such other person, the committee on finance shall so notify the corporation counsel; and it shall be the duty of the corporation counsel forthwith to demand from such other person reimbursement for the amount expended by the city for the necessary medical care and hospital treatment of such policeman or fireman; and in default of payment of such amount so expended, the corporation counsel shall institute proceedings to recoup for the city the amount so expended, as provided in the aforesaid act of the general assembly.

22—22. No payment shall be made under the provisions hereof un-

less satisfactory proof shall have been presented to said committee on finance that such injury was sustained by such policeman or fireman while in the performance of his duty." (Mun. Code of Chicago, 1969, Sections 22—18 to 22—22.)

■■ There is a presumption of validity attending an enactment of a legislative body and the burden of showing the invalidity of the enactment rests with him who advances the assertion. *City of West Frankfort v. Industrial Commission,* 406 Ill. 452. The system created for the compensation of injured police officers under the Illinois Pension Code is analogous to that established by the Workmen's Compensation Act. The section of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, Chap. 48, par. 138.5) which bars common law or statutory recovery from an employer by an injured employee, analogous to Section 22—307 of the Pension Code, has been held constitutional. *Moushon v. National Garages, Inc.,* 9 Ill.2d 407. Certain employers may, by election, bring themselves within the protective bar of the Workmen's Compensation Act under Section 138.2 of that Act, and likewise a municipality may bring itself within the parallel bar of the Pension Code (Section 22—307) by enacting an ordinance pursuant to Section 22—306. This the City of Chicago did in its passage of Sections 22—18, *et seq.,* of the Municipal Code of Chicago.

■■ Plaintiff, however, contends that the City's ordinance is void and inoperative in that it provides that the payment of medical and hospital expenses of police officers injured in the line of duty be determined and provided by the City Council of the City of Chicago, whereas the Pension Code requires that the determination be made by the head of the department employing the injured person. A reading of the applicable sections of the ordinance reveals that it conforms to the requirements of the Pension Code.

Section 22-20 of the Municipal Code provides that "[i]t shall be the duty of the superintendent of police in the case of a policeman, * * * upon the occurrence of any accidental injury in the performance of duty, to have immediate medical care and hospital treatment given to such policeman. * * *" Section 22—306 of the Pension Code recites, "[T]he officer at the head of the department or such other officer as may be designated may secure and provide proper medical care and hospital treatment for any such policeman. * * *"

■■ The role assigned to the City Council's committee on finance by the ordinance corresponds in turn to the provision in the Pension Code that [t]he city or village may incur the expense aforesaid and appropriate and pay for the same." (Mun. Code of Chicago, 1969, Sections 22—19, 22—20, 22—22; Ill. Rev. Stat. 1969, ch. 108½, par. 22—306.)

Nothing in the Pension Code requires the "officer at the head of the department or such other officer as may be designated" to incur the entire obligation, and to appropriate and pay for the same. The cases cited by plaintiff in this regard are therefore not applicable. (See *City of Sullivan v. Cloe*, 277 Ill. 56; *Kroger Grocery & Baking Co. v. City of St. Louis*, 341 Mo. 62, 106 S.W.2d 435; *Nature's Rival Co. v. City of Chicago*, 324 Ill. 566.) Plaintiff's common law action is barred by the respective applicable provisions of the Illinois Pension Code and the Municipal Code of the City of Chicago.

Plaintiff contends that the title to the Pension Code makes no reference to the abolition of the common law remedy, whereas Section 22—307 of the Code abolishes such remedy, rendering the abolition void in contravention of Article IV, Section 13 of the Illinois Constitution.

The title to the Code quoted in plaintiff's brief has been amended and no longer reads as plaintiff maintains. (See language of title contained in Sec. 22—18, Mun. Code of Chicago, 1969). The title to the Pension Code currently reads:

"An Act to revise and codify the laws relating to the creation, maintenance and administration of retirement systems, pension funds, annuity and benefit funds and related pension and benefit laws for persons performing services for the state, its agencies, instrumentalities, political subdivisions and municipal corporations, and for the beneficiaries and dependents of such persons, to provide for a Commission to study such laws and to repeal certain Acts and parts of Acts herein named." (Ill. Laws, March 18, 1963, p. 179.)

■■ In the case of *Zurich Accident Ins. Co. v. Industrial Commission*, 331 Ill. 576, where the court was faced with the same question here presented, the court stated, at page 580, that if all the provisions of the act of the legislature relate to one subject indicated in the title and are parts of it or incident to it, or are "reasonably connected with it or in some reasonable sense auxiliary to the object in view," then the provision of the constitution is complied with. The abolition of the common law cause of action does have a reasonable connection with the object stated in the title of the Pension Code in that it prevents a form of double recovery for an injury suffered in the course of a police officer's duty.

In *People v. Horan*, 293 Ill. 314, and *Heck v. Schupp*, 394 Ill. 296, cited by plaintiff in support of his position, the proscriptions complained of in the body of the respective acts were clearly not within the contemplation of the purposes stated in the titles to the acts.

Plaintiff also contends that the statute and the ordinance offend against the equal protection and due process clauses of the United States Constitution and the due process clause of the Illinois Constitution, in that

they deny to police officers and firemen an independent, quasi-judicial determination, upon notice, of the issue as to whether the injury was incurred while in the line of duty, and that they further create an unreasonable classification since all other city employees are entitled to such quasi-judicial determination under the provisions of the Workmen's Compensation Act.

■■ As to the first of plaintiff's contentions, it is not claimed that a police officer or a fireman is barred from recourse to the courts of this State upon an adverse determination in this regard. Nothing in either the statute nor the ordinance suggests that police officers or firemen may be dealth with arbitrarily as to either the question of whether he was injured while performing his duties or the question of whether he is in need of complete medical and hospital care. The injured party has his remedy in the courts if arbitrary action is taken.

■■ As to the question of whether it is unconstitutional for policemen and firemen to be treated apart from the Workmen's Compensation Act, the question is whether the distinction or classification is a reasonable one. The defendant's position is in accord with the case law in this State, inasmuch as there are alternate benefits which innure to the policemen and firemen under the present system, such as tenure, pension and disability benefits. As stated in *City of Danville v. Industrial Commission,* 38 Ill.2d 479, at page 485:

> "The municipality here had the power to create the office of policeman (*Murphy v. Industrial Com.,* 355 Ill. 419; Ill. Rev. Stat. 1965, ch. 24, par. 3—4—19), and thereby bring claimant within the classification excluded from the operation of the Act. By such action police officers also received benefits of tenure, pensions, and disability rights which are clearly sufficient to justify a reasonable classification. Ill. Rev. Stat. 1965, chap. 24, pars. 10—2.1—1 *et seq.,* chap. 108½, pars. 3—101 *et seq."*

Plaintiff argues that there is a lack of mutuality in the benefits conferred in return for the waiver of the right to maintain a common law action and cites the case of *Coots v. City of Detroit,* 75 Mich. 628, 43 N.W. 17, in support. In the Coots case there appears to have been no provision in the local pension ordinance barring a common law action for damages, nor any action by either the plaintiff or the city to proceed under the pension ordinance prior to the commencement of the common law action. A later case dealt with the issue here presented, the Michigan court addressing itself to the question of coupling a waiver of the right to maintain an action at common law with the creation of other benefits, such as pension. The court in *Bross v. City of Detroit,* 262 Mich. 447, 247 N.W. 714, held that the plaintiff, who had received pension benefits, had

elected his remedy and was bound thereby. The statute and the ordinance here involved are not unconstitutional.

■■ It should be noted that plaintiff has already accepted the defendant's disbursement of over $30,000 in medical, hospital and nursing expenses, made pursuant to the Pension Code on plaintiff's behalf. In so doing plaintiff has waived his right to bring a common law action against the defendant for damages.

For these reasons the order denying the defendant's motion to dismiss is reversed.

Order reversed.

McCORMICK, P. J., and LYONS, J., concur.