278 So.2d 593 (1973)
O.P. CORPORATION and Wiggs & Maale Construction Co., Inc., Etc., Petitioners,
v.
The VILLAGE OF NORTH PALM BEACH et al., Respondents.
No. 43004.
Supreme Court of Florida.
May 10, 1973.
Rehearing Denied June 22, 1973.
Ronald Sales, of Sales, Metzger & Christiansen, Palm Beach, for petitioners.
Herbert L. Gildan, of Nason, Gildan & Yeager, West Palm Beach, and William E. Eaton, Jr., of Paty, Downey, Lewis & Eaton, Palm Beach, for respondents.

ON REHEARING GRANTED
PER CURIAM.
This cause is before this Court on conflict certiorari to review a decision of the Fourth District Court of Appeal reported at 266 So.2d 676, Fla.App. We have considered this matter and determined that we do have jurisdiction pursuant to Fla. Const. Art. V, § 3(b)(3), F.S.A.
The genesis of this case arose when the trial judge rendered judgment against the *594 petitioners in a declaratory relief action, which upon appeal was affirmed by the District Court of Appeal.
The salient facts before us are succinctly set forth in the decision of the District Court of Appeal, as follows:
"... On August 14, 1957, the Village enacted a comprehensive zoning ordinance, Ordinance No. 20, under which the land here involved was zoned as R-1, single family residential. On March 10, 1959, the Village enacted (or attempted to enact) Ordinance No. 44, zoning the land as C-1A, limited commercial, which would authorize the construction of apartment houses. The Village then prepared maps, showing the land to be zoned C-1A and the building inspector of the Village for many years advised everyone that the land was so zoned. No use was attempted to be made of the land until August 15, 1969, when the Village issued a foundation building permit for the foundation of a multi-story 52 unit apartment house to be erected on the land at an estimated cost of $1,000,000.00. No construction was begun under that permit, but on January 23, 1970, before the first permit expired, the Village issued to the owner and builder another foundation permit for a 12 story 96 unit apartment house to be erected on the land at an estimated cost of $2,000,000.00. The Village was paid and retained substantial fees for the two permits.
"Construction of the foundation was commenced promptly at an ultimate expense of approximately $64,000.00. On February 24, 1970, after the foundation was substantially completed, the Village filed its petition for a declaratory judgment, asserting its doubt as to the validity of Ordinance No. 44 and asking a determination of its right or duty to issue a building permit for the completion of the apartment house.
"James Collins and his wife, the owners of R-1 property immediately adjoining the land involved and claiming a real interest in the subject matter of the litigation intervened on March 29, 1970. After a non-jury trial final judgment was entered June 1, 1971. In the meantime the owner had filed a mandamus action to complete the issuance of the permit and the trial judge had ruled that the outcome of the declaratory judgment action would govern the result of the mandamus action. As he ultimately ruled that Ordinance No. 44 was invalid, he then dismissed the mandamus action. By order of July 27, 1971, the two cases were consolidated for purposes of this appeal.
"The validity of Ordinance No. 44 was attacked on several grounds, the most tenable of which was that the notice of a public hearing on the proposed ordinance was published only fourteen days before the hearing, instead of fifteen days as required by law.... However, the owner and builder contend that the Village was estopped from claiming its own ordinance was invalid. The Village had for ten years held out to the public and the owner that the land was zoned in class C-1A. It had accepted the fee for and had actually issued the foundation permit for the apartment house and thereby caused the owner and builder to change their position in such a way that they would suffer substantial injury if the Village were permitted to deny the right to the final permit.
"We feel that the classic elements of estoppel existed here and the Village is estopped from refusing to issue the permit. See Stahelin v. Board of Education, 1967, 87 Ill. App.2d 28, 230 N.E.2d 465, and New-Mark Builders, Inc. v. City of Aurora, 1967, 90 Ill. App.2d 98, 233 N.E.2d 44."
Up to this point we agree on the facts with the District Court of Appeal *595 and confirm application of the estoppel doctrine against the respondent Village, however, our departure occurs upon that Court's conclusion that estoppel was not applicable to the intervenors, Collins and wife.
In addition to the facts substantially set forth above, the record clearly establishes that the intervenors (also respondents, sub judice) purchased their home some four years prior to their challenge of the validity of the ordinance, knowing at the time of their purchase that the adjacent property owned by the petitioners was zoned C-1A. Furthermore, this zoning had been in effect for over ten years prior to its challenge.
Under these circumstances, can and should the doctrine of estoppel by acquiescence be also applied against the intervenors? We conclude in the affirmative. Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808; Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433; Baldwin Drainage District v. MacClenny Turpentine Co., 1944, 154 Fla. 525, 18 So.2d 792; City of Coral Gables v. State, 1941, 148 Fla. 671, 5 So.2d 241.
For these reasons, the Fourth District Court of Appeal erred in (1) not applying estoppel against the intervenors, and (2) affirming the trial court's judgment.
Accordingly, the building permit for the completion of the apartment house in question should have been issued.
To the extent as herein set forth, the decision of the Fourth District Court of Appeal is quashed in part and affirmed in part, and this cause is remanded for entry of a decision in keeping herewith including directions to the trial court to issue the building permit in question.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.