PER CURIAM.
This litigation was commenced by a complaint for declaratory relief in which the appellee, The Village of North Palm Beach, sought a judicial determination as to whether a building permit should be issued to appellant for the construction of a twelve story building. At issue in the suit was the validity of a village ordinance zoning the property in question for limited commercial use. The trial court held the ordinance invalid and prohibited the issuance of the building permit for the proposed construction. This court affirmed that judgment but the Supreme Court quashed the District Court decision[1] and directed the appellee to issue the permit. Thus, on December 21, 1973, the Village issued a permit to appellants in compliance' with the Supreme Court’s mandate. Thereafter, on March 13, 1974, appellee sought leave of the trial court to revoke the appellant’s permit on the ground that appellant had violated the application for building permit, certain statutory provisions, and pertinent provisions of the Village Code. Appellant then moved the trial court to hold appellee in contempt for its refusal to approve a transfer of the permit from one contractor to another, for refusal to make inspections of the construction site, and for causing the job to be shut down. The trial court struck all post judgment pleadings and refused to grant any relief due to an absence of jurisdiction. The appellee then revoked appellant’s permit, whereupon appellant requested the Supreme Court to enforce its mandate which resulted in the Supreme Court remanding the cause to the Circuit Court with directions:
“to exercise jurisdiction and to consider whether there was good cause or justification for revoking the building permit subsequent to its issuance or if the revocation is in fact merely an indirect refusal to obey the mandate.”
In accordance with this order, the trial court took further testimony and found that the revocation of the permit was not an indirect refusal to obey the mandate of the Supreme Court. This appeal is directed to that order of the trial court.
We have reviewed the evidence adduced and the arguments of counsel contained in the briefs and find there is substantial competent evidence to support the trial judge’s findings. The limited issue referred to the trial court involved a determination of whether there was good cause or justification for revoking the permit subsequent to its issuance. The evidence before the trial court justifies the conclusion that the application for the permit contained a material misrepresentation regarding the plans and specifications for the structural portions of the building, and it matters not whether the applicant was cognizant thereof.
When the plans and specifications were submitted for issuance of the permit the indication thereon was that the engineers responsible for them were Ritchie & Crock-er, Registered Engineers, since those plans and specifications bore their stamp. However, there was no signature or seal affixed as required by Section 104.3(c) of the Village Code. Nevertheless, the building inspector issued the permit because the court had mandated him to do so. Subsequently, the building inspector became aware that a duplicate copy of the structural plans and specifications were submitted to the Hotel and Restaurant Commission for approval signed by an engineer employed by appellant. The building inspector and appellee were further advised by copies of letters from counsel for engineers Ritchie & Crock-er that they were not responsible for the structural plans and specifications and that the law had been violated in the submission of them to the Hotel and Restaurant Commission signed by another engineer. This was clearly a violation of law since Section 471.26(l)(e), Florida Statutes (1973) pro *931 vides that the State Board of Professional Engineers and Land Surveyors has the power to revoke a certificate of registration of any engineer found guilty of signing his name to plans or specifications which were not prepared by him or under his supervision, direction or control. Section 471.30(3), Florida Statutes (1973) also requires cities which issue building permits to refuse issuance where the application discloses a violation of Chapter 471, Florida Statutes (1973). Additionally, the Village Code requires the plans to be signed and sealed by the designer.
The requirement that a registered engineer stand behind and be responsible for his structural plans and specifications is no idle precaution; most especially when dealing with a building some 12 stories high. The designer of such structures owes a duty of care not only to the owner of the property but to the public as well. The signing and sealing of such plans fixes the responsibility for assistance during construction and ultimate liability for negligent design.
Appellant contends that appellee opposed the construction and, thus, harassed appellant during the inspection of the building. The Village, of course, denies any such motive. While there is some evidence which could support such a theory, the trial court heard the evidence, considered these suggestions and found that the revocation of the permit was not an indirect refusal to obey the court’s mandate. Having found adequate support in the record for the court’s conclusion, the order appealed from is affirmed.
AFFIRMED.
DOWNEY, C. J., ANSTEAD, J., and WETHERINGTON, GERALD T., Associate Judge, concur.

. O. P. Corporation v. Village of North Palm Beach, 278 So.2d 593 (Fla. 1973).