JAMES O'DONNELL, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (5th Division)   No. 83—1828

Opinion filed July 27, 1984.

James D. Montgomery, Acting Corporation Counsel, of Chicago (Jerome

A. Siegan and Robert J. Dargis, Assistant Corporation Counsel, of counsel), for appellant.

Philip E. Howard, Ltd., and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, the city of Chicago, appeals from the denial of its motion to dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) and from a judgment for $75,000 entered on a jury verdict for plaintiff in the amount of $150,000, reduced to reflect plaintiff's contributory negligence. The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss. We reverse the trial court's order denying the motion to dismiss and the judgment entered in favor of plaintiff.

At 8 a.m. on Saturday, December 8, 1979, the plaintiff reported to the firehouse to which he had been assigned, dressed in his regulation uniform. During the course of that Saturday, as on all Saturdays, the firehouse personnel conducted a scrub-down day. On Saturday the fire equipment and the floor of the area in which the vehicles were stationed were scrubbed with soap and water. While this was being done, several firemen traveled up and down the steps connecting the upper and lower levels of the firehouse. As the lieutenant of this unit, plaintiff had the responsibility of overseeing this clean-up procedure.

Later that afternoon, plaintiff was in the communications center in the upper level of the firehouse. Sometime between 3 and 4 o'clock, plaintiff left the communications room to post an obituary notice which had just come over the speaker. After posting the notice on the bulletin board, he walked downstairs to get a cup of coffee. As he descended the stairs, plaintiff slipped on water which had collected there from the recent washings of fire equipment and vehicles on the lower level of the firehouse. Plaintiff incurred head injuries due to the fall.

Plaintiff thereafter submitted a claim for medical expenses to the defendant pursuant to section 22—306 of the Illinois Pension Code and the corresponding city ordinance which authorize such payment for injuries "while in the performance of his duties." The claim was denied. Although no evidence concerning this was presented at trial, both parties agreed at pretrial proceedings that the Chicago City Council Committee on Finance (Finance Committee) denied plaintiff's claim for medical expenses based on its finding that plaintiff had not

been injured in the line of duty.

Plaintiff then filed a complaint on February 2, 1981, instituting a common law negligence suit against the defendant. The defendant moved to dismiss, contending that the suit was barred by section 22—307 of the Illinois Pension Code, which provides:

"Whenever any city or village enacts an ordinance pursuant to this Division, no common law or statutory right to recover damages against such city or village for injury or death sustained by any policeman or fireman *while engaged in the line of his duty* as such policeman or fireman, other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available to any policeman or fireman who is covered by the provisions of such ordinance ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 108½, par. 22—307.)

The pertinent provisions of the Chicago city ordinance enacted pursuant to the foregoing statute are as follows:

"Whenever the city council shall appropriate a sum or sums of money for the payment of medical care and hospital treatment in case of an accident resulting in an injury to or death of a policeman or fireman employed by the city while in the performance of his duties, in accordance with the provisions of an act [Ill. Rev. Stat. 1981, ch. 108½, pars. 22—301 through 22—308], the same shall be paid, disbursed and recouped in accordance with the following provisions.

The committee on finance of the city council is hereby authorized, directed and empowered to provide for payment for proper medical care and hospital treatment for accidental injuries sustained by any policeman or fireman, *while in the performance of his duties,* and to that end may recommend to the city council the authorization for payment of any such necessary expenses. ***

No payment shall be made under the provisions hereof unless satisfactory proof shall have been presented to said committee on finance that such injury was sustained by such policeman or fireman *while in the performance of his· duty.*" (Emphasis added.) (Chicago Municipal Code, 1983, ch. 22, secs. 18 through 22.)

The trial court denied the defendant's motion to dismiss. Defendant thereafter filed an answer and also an affirmative defense to plaintiff's complaint alleging that the suit was barred by section 22—307 of the Illinois Pension Code. In reply to defendant's affirmative defense,

plaintiff denied both that the statute was applicable and that the injuries were sustained in the line of duty. Defendant renewed the motion to dismiss prior to trial, and the trial court again denied it. The determining factor in the trial court's denial of the renewed motion was its perception that the finance committee's finding was that the plaintiff was not injured in the line of duty and, therefore, his cause of action was not barred. During the pretrial discussion, defendant indicated that plaintiff's medical bills had been paid by the Blue Cross/Blue Shield policy maintained by defendant for its employees. A motion *in limine* granted by the trial court precluded defendant from introducing evidence of the foregoing payment at trial. The case proceeded to trial, resulting in a jury verdict for the plaintiff in the amount of $150,000, which the trial court reduced to $75,000 for plaintiff's contributory negligence.

OPINION

On appeal, defendant contends that the trial court erred in denying its motion to dismiss because plaintiff's suit was barred by the Illinois Pension Code. Defendant argues further that plaintiff has already received the same benefits under the Blue Cross/Blue Shield plan that he would have been entitled to under the statute and the ordinance. Plaintiff's acceptance of these payments, the defendant maintains, constituted an election of remedies and a waiver of common law claims. According to defendant, plaintiff's recourse was to seek a mandatory injunction or writ of *certiorari* for a review of the finance committee's decision.

The plaintiff argues first that defendant has waived any error on appeal by its failure at trial to instruct the jury on the issue of whether plaintiff was in the line of duty when injured, either through submission of a general instruction or of the statute. Second, plaintiff maintains that the finance committee's decision that plaintiff was not injured in the line of duty estopped defendant from subsequently maintaining that plaintiff was injured in the line of duty, thus depriving him of his negligence suit.

A jury verdict is entitled to respect and deference on review, and we will not substitute our judgment for that of the jury on questions of fact. (See *Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 43-44, 382 N.E.2d 232.) Nonetheless, a court of review is not bound by the legal conclusions reached by the finder of fact. (See *Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 370 N.E.2d 165.) In *Hindle*, a negligence action, the jury returned a verdict for the plaintiffs and responded in the negative to a special interrogatory asking whether the plaintiffs were engaged in

the line of their duties at the time of the incident. The supreme court noted that the bar afforded by the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) is an affirmative defense which the defendant must plead and prove. (68 Ill. 2d 309, 317-18, 370 N.E.2d 165; Ill. Rev. Stat. 1981, ch. 48, par. 138.5.) The supreme court held under the circumstances of that case that the facts led inescapably to the legal conclusion that plaintiffs were within the line of their duties and that the action was barred. (68 Ill. 2d 309, 319-20, 370 N.E.2d 165.) Similarly, in the instant case, accepting plaintiff's evidence as true and lending every possible favorable inference in support of the verdict, we find as a matter of law that plaintiff was within the line of his duty at the time of his injury and his action is accordingly barred by the statute.

The Workers' Compensation Act provides that an employee has no common law or statutory right to recover damages from his employer for injuries sustained by the employee while engaged in the line of his duty as an employee. (Ill. Rev. Stat. 1981, ch. 48, par. 138.5.) This same language is used in section 22—307 of the Illinois Pension Code, prohibiting common law or statutory damage recovery from the City for injuries sustained by any fireman while engaged in the line of his duty as fireman. Because of the similarity of language and because the Illinois Pension Code was enacted to provide policemen and firemen benefits similar to those provided employees under the Workers' Compensation Act (*Sweeney v. City of Chicago* (1971), 131 Ill. App. 2d 537, 266 N.E.2d 689), the standards developed under that Act are applicable here.

Under the Workers' Compensation Act, a plaintiff's action is barred if he was engaged in the line of duty when the accident occurred. Whether plaintiff was engaged in the line of duty is tested by whether plaintiff's activity "arise[s] out of and in the course of employment." (*Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 318, 370 N.E.2d 165.) An injury "arises out of" employment if its origin is in some risk connected with or incident to the employment, so that there is a causal connection between the injury and the employment. (*Jewel Cos., Inc. v. Industrial Com.* (1974), 57 Ill. 2d 38, 40, 310 N.E.2d 12.) The phrase "in the course of" employment pertains to whether the injury occurs within the period of employment, at a place where the worker may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto. (*Scheffler Greenhouses, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 361, 367-68, 362 N.E.2d 325.) Acts of personal comfort are generally held incidental to employment duties and in the course of employ-

ment. (*Segler v. Industrial Com.* (1980), 81 Ill. 2d 125, 128, 406 N.E.2d 542; see generally 1A A. Larson, Workmen's Compensation secs. 21.00 through 21.53, at 5—4 through 5—36 (1982).) Even though an act is one of personal comfort, where the employee voluntarily and in an unexpected manner exposes himself to a risk outside any reasonable exercise of his duties, the resulting injury will not be considered to have occurred during the course of employment. *Eagle Discount Supermarket v. Industrial Com.* (1980), 82 Ill. 2d 331, 340, 412 N.E.2d 492.

■ The record compels the conclusion that the injury arose out of plaintiff's employment. Plaintiff was in the firehouse, was on duty, and was required to travel up and down the stairs of the firehouse. It can be concluded that plaintiff's injury arose out of a risk connected with his employment. In addition to arising out of the course of employment, an injury must occur in the course of employment. Plaintiff's injuries occurred during a time period when he was in uniform, was working in the firehouse, specifically in the communications center, and while he was getting a cup of coffee while in the course of his duties. It cannot be said that the plaintiff exposed himself to a risk outside any reasonable exercise of his duties. We accordingly conclude that defendant's post-trial motion should have been allowed.

The defendant cites *Sweeney v. City of Chicago* (1971), 131 Ill. App. 2d 537, 266 N.E.2d 689, in support of its argument that plaintiff's acceptance of insurance benefits operates as a waiver of common law claims. *Sweeney* is inapplicable because payments received pursuant to the ordinance, not an employee insurance program, worked as a waiver of common law claims in that case.

Similarly, plaintiff's contention that defendant waived any error on appeal because it failed to instruct the jury on the issue of whether plaintiff was in the line of duty when injured is unsupported by the case cited, *Cratsley v. Commonwealth Edison Co.* (1976), 38 Ill. App. 3d 55, 347 N.E.2d 496. In *Cratsley*, the basis of the appeal was the failure to tender jury instructions when there had been no objection to the failure to tender them at trial. Defendant's appeal here is not based upon a failure to tender jury instructions and *Cratsley* is not relevant to this inquiry.

■ Plaintiff's second argument is that defendant is estopped by the finance committee's decision from now asserting that plaintiff was injured in the line of duty. Defendant may be estopped if there is some positive act by municipal officers which induced the action of the adverse party. (*New-Mark Builders, Inc. v. City of Aurora* (1967), 90 Ill. App. 2d 98, 233 N.E.2d 44.) This doctrine, however, may be

applied only to prevent injustice and fraud. (90 Ill. App. 2d 98, 233 N.E.2d 44.) Generally, estoppel applies where the city grants plaintiff certain property rights, plaintiff makes expensive improvements on the property, and then the city attempts to deprive plaintiff of the rights granted. See *Kaeding v. Pollution Control Board* (1974), 22 Ill. App. 3d 36, 316 N.E.2d 788.

In this case, plaintiff argues that he relied on the decision of the finance committee in bringing his suit. Plaintiff, however, has not incurred any prejudice as a result of the committee's decision. In fact, the record discloses that plaintiff has recovered all of the medical expenses to which he would have been entitled under the statute and ordinance. For these reasons, estoppel would not apply.

For all of the foregoing reasons, we reverse the order denying defendant's motion to dismiss and the judgment entered by the trial court.

Reversed.

LORENZ and O'CONNOR, JJ., concur.