ANITA MITSUUCHI, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—2886

Opinion filed December 11, 1987.

Carr & O'Rourke Associates, of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Phillip L. Bronstein and Jennifer A. Keller, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

This case presents the question of whether a Chicago police officer has a cause of action against a brother Chicago police officer for injuries caused by the brother officer's alleged negligence in the course of their employment.

On July 10, 1983, plaintiff, Chicago police officer Anita Mitsuuchi, was assigned in a squad car with defendant, Chicago police officer Juan Arjona, to a Chicago police patrol beat. Officer Arjona was assigned to drive the squad car. While on patrol, a motorist disobeyed a stop sign and forced Arjona to swerve the squad car to avoid a collision. The squad car struck a streetlight pole and Mitsuuchi was seriously injured.

Mitsuuchi filed suit against the City of Chicago and Officer Arjona for the personal injuries she sustained as the result of Arjona's alleged negligence in driving the squad car. Defendants filed a motion to strike and dismiss Mitsuuchi's complaint on the ground that the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, pars. 22—306, 22—307), and sections 22—18 through 22—22 of the Chicago Municipal Code (Chicago Municipal Code §§22—18 through 22—22 (1983)) precluded such a cause of action. Defendants alleged that the Illinois Pension Code and the Municipal Code provided the sole and exclusive remedy for police officers injured in the line of duty and that Mitsuuchi therefore did not have a cause of action against her co-worker, Officer Arjona.

After a hearing on defendants' motion to strike and dismiss, the trial court dismissed Mitsuuchi's complaint as to both defendants with prejudice. Mitsuuchi appeals.

We initially note that Mitsuuchi and defendants agree that the trial court properly determined that Mitsuuchi's cause of action against the City of Chicago was barred by sections 22—306 and 22—307 of the Illinois Pension Code and by sections 22—18 through 22—22 of the Chicago Municipal Code (1983). Section 22—306 of the Illinois Pension Code grants municipalities the authority to provide for the payment of expenses incurred by police officers injured in the line of duty. This section provides, in pertinent part:

"The corporate authorities of any city *** may provide by ordinance that in case of an accident resulting in an injury to *** a policeman *** in the employ of such city *** while in the performance of his duties *** the [appropriate authority] may secure and provide proper medical care and hospital treatment ***. The city *** may incur the expense aforesaid and appropriate and pay for the same." Ill. Rev. Stat. 1985, ch. 108½, par. 22—306.

Pursuant to the authority granted the City of Chicago in section 22—306 of the Illinois Pension Code, the City of Chicago enacted sections 22—18 through 22—22 of the Municipal Code. These sections set forth the city's responsibilities to pay the expenses for the care and treatment of injuries sustained by Chicago police officers while in the performance of their duties. Section 22—19 of the Municipal Code provides:

"The committee on finance of the city council is hereby authorized, directed and empowered to provide for payment for proper medical care and hospital treatment for accidental injuries sustained by any policeman *** while in the performance of his duties ***." Chicago Municipal Code §22—19 (1983).

Section 22—307 of the Illinois Pension Code provides that whenever a municipality enacts an ordinance such as that described in section 22—306 of the Illinois Pension Code, other common law or statutory rights to recover damages against the municipality are barred. Section 22—307 of the Illinois Pension Code states in part:

"Whenever any city *** enacts an ordinance pursuant to this Division, no common law or statutory right to recover damages against such city *** for injury *** sustained by any policeman *** while engaged in the line of his duty as such policeman *** other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available ***." Ill. Rev. Stat. 1985, ch. 108½, par. 22—307.

■█ Because the city enacted sections 22—18 through 22—22 of the Municipal Code, the provisions of section 22—306 of the Pension Code apply and plaintiff, a Chicago police officer who was injured in the line of duty, was barred by section 22—307 of the Pension Code from recovering damages against the city. (Ill. Rev. Stat. 1985, ch. 108½, par. 22—307.) Accordingly, the trial court properly dismissed Officer Mitsuuchi's cause of action against the City of Chicago.

■ We disagree, however, with the trial court's dismissal of Officer Mitsuuchi's cause of action against her co-worker, who is the defendant in this cause, Officer Juan Arjona. Although Officer Mitsuuchi should not receive a double recovery for her injuries, as we will explain she has a cause of action against Officer Arjona for the injuries she sustained arising out of Officer Arjona's alleged negligent operation of the police squad car in the course of her employment.

The leading case on which defendant relies, *Sweeney v. City of Chicago* (1971), 131 Ill. App. 2d 537, 266 N.E.2d 689, is inapplicable to the facts before us. In *Sweeney*, James P. Sweeney, a Chicago police officer, filed a lawsuit for personal injuries against the city for injuries he sustained when a rear wheel of the Chicago police department motorcycle he was riding became disengaged from the vehicle and threw him to the pavement. Sweeney's complaint alleged alternate theories of *res ipsa loquitur* and negligence on the part of the defendant City of Chicago.

The trial court denied the city's motion to dismiss Sweeney's complaint and certified two questions of law to this court: (1) whether sections 22—306 and 22—307 (Ill. Rev. Stat. 1973, ch. 108½, pars. 22—306, 22—307) and the Municipal Code of Chicago, sections 22—18 to 22—22, barred a Chicago policeman from bringing a common law action against the city; and (2) whether the said statutes and Municipal

Code were unconstitutional.

This court held that the statute and ordinance were constitutional, that Sweeney's complaint against the City of Chicago was barred by the Illinois Pension Code and the Municipal Code of Chicago, and that the Pension Code prevented double recovery for injuries suffered in the course of a police officer's duty. (*Sweeney*, 131 Ill. App. 2d at 543.) The trial court's order which denied the City of Chicago's motion to dismiss was reversed.

Similarly, *O'Donnell v. City of Chicago* (1984), 126 Ill. App. 3d 548, 467 N.E.2d 971, on which defendant Arjona also relies, is not analogous to the instant case. In *O'Donnell*, James O'Donnell, a Chicago fireman, incurred head injuries when he slipped on water which had collected on the stairs of the firehouse. The City of Chicago denied O'Donnell's section 22—306 claim for medical expenses based on its finding that he had not been injured in the line of duty. O'Donnell filed a complaint against the city alleging negligence. The city moved to dismiss, contending that O'Donnell's suit was barred by section 22—307 of the Illinois Pension Code. The trial court denied the city's motion to dismiss. This court reversed and determined:

> "The Workers' Compensation Act provides that an employee has no common law or statutory right to recover damages from his employer for injuries sustained by the employee while engaged in the line of his duty as an employee. (Ill. Rev. Stat. 1981, ch. 48, par. 138.5.) This same language is used in section 22—307 of the Illinois Pension Code, prohibiting common law or statutory damage recovery from the City for injuries sustained by any fireman while engaged in the line of his duty as fireman. Because of the similarity of language and because the Illinois Pension Code was enacted to provide policemen *** benefits similar to those provided employees under the Workers' Compensation Act (*Sweeney v. City of Chicago* (1971), 131 Ill. App. 2d 537, 266 N.E.2d 689), the standards developed under that Act are applicable here." *O'Donnell*, 126 Ill. App. 3d at 552.

Unlike the plaintiff in *O'Donnell*, plaintiff Mitsuuchi in the case at bar does not seek to recover damages from her employer, the City of Chicago, for injuries. Under the Workers' Compensation Act her action against the city is barred if she was engaged in the line of duty when the accident occurred. Mitsuuchi seeks to recover damages from her co-worker, Officer Juan Arjona. There is no bar to Mitsuuchi's claim against Arjona.

We find no merit in the contention of the city that such an action should not be permitted because, there being no allegation of wilful

misconduct by Arjona, the city would eventually be required to indemnify Arjona for any judgment recovered against him because of her injuries. This, the city contends, would amount to a double recovery by her since she has already received benefits from the city for those injuries under the Pension Code.[1]

In oral argument the city attorney agreed that it has a subrogation right to receive the amount of the benefits paid to plaintiff from any recovery she may obtain by reason of her action against Arjona for those same injuries. There thus could be no double recovery here.

Accordingly, the trial court's order which granted Arjona's motion to dismiss Mitsuuchi's complaint is reversed, and the cause is remanded.

Reversed and remanded.

SULLIVAN, P.J., and MANNING, J., concur.

---

[1]The city's indemnification-double recovery contention is predicated on section 1—4—5 of the Illinois Municipal Code, which provides as follows:

"In case any injury to the person or property of another is caused by a member of the police department of a municipality having a population of 500,000 or over, while the member is engaged in the performance of his or her duties as a police officer, and without the contributory negligence of the injured person or the owner of the injured property, or the agent or servant of the injured person or owner, the municipality in whose behalf the member of the municipal police department is performing his or her duties as a police officer shall indemnify the police officer for any judgment recovered against him or her as the result of such injury, except where the injury results from the wilful misconduct of the police officer. A municipality, which is not otherwise required to indemnify pursuant to this Section, may indemnify a police officer for any judgment recovered against him or her for injuries sustained as a result of the police officer's performance of his duties as a police officer.

For the purposes of this section no civilian defense worker, nor any member of any agency engaged in any civilian defense activity, performing services as a part of any civilian defense program, shall be considered to be a member of a municipal police department.

If any person is obeying the command of any such police officer to assist in arresting or securing an offender is killed or injured or his or her property or that of his or her employer is damaged and such death, injury or damage arises out of and in the course of aiding such police officer in arresting or endeavoring to arrest a person or retaking or endeavoring to retake a person who has escaped from legal custody, the person or employer so injured or whose property is so damaged or the personal representatives of the person so killed shall have a cause of action to recover the amount of such damage or injury against the municipal corporation by which such police officer is employed at the time such command is obeyed." Ill. Rev. Stat. 1985, ch. 24, par. 1—4—5.