124 So.2d 891 (1960)
Frances MARANS, Appellant,
v.
I. Frederick STANG, Appellee.
No. 59-453.
District Court of Appeal of Florida. Third District.
December 5, 1960.
Sams, Anderson, Alper, Meadows & Spencer, Miami, for appellant.
Blackwell, Walker & Gray and Otis B. Radebaugh, Jr., Miami, for appellee.
HORTON, Chief Judge.
This is an appeal from a summary judgment in a malpractice case rendered adverse to the appellant.
In an amended complaint filed pursuant to leave of court, the appellant charged the appellee with failing to exercise the ordinary care and degree of care and skill ordinarily and generally exercised by dentists in this vicinity in like cases and negligently performing certain dental work and treatment which resulted in injuries to the appellant. Thereafter followed, in separate subparagraphs of the complaint, various charges of negligence and unskillful and careless actions on the part of the appellee in performing dental work for the appellant. Subparagraph (f) of paragraph III of the amended complaint in substance charged the appellee with wrongfully, maliciously and unlawfully removing teeth from her mouth for the purpose of exacting from the appellant the balance of the fee which the appellee claimed was due him and keeping the teeth for a period of hours, after which, it was charged, the appellee replaced them in the appellant's mouth at her home. There followed, in a separate numbered paragraph, the charge that as a proximate result of the alleged negligent, unskillful, wrongful, unlawful *892 and malicious conduct of the appellee, injury and damage resulted to the appellant
The depositions of the appellant as well as the appellee, together with those of other dentists and a technician, the answers to interrogatories and requests for admissions were all presented to the trial judge on the motion for summary judgment and he concluded at that time that there was no genuine issue of material fact, and the appellee was entitled to a summary judgment as a matter of law. Accordingly, the order appealed was entered
After the entry of the summary judgment, the appellant filed a petition for clarification and motion for leave to file a second amended complaint. Upon the hearing of these motions, the trial judge denied the petition for clarification and the request for leave to file further amended pleadings upon the ground that he was without jurisdiction to consider further amendments to the pleadings. In this we concur. There appears to be no provision in the rules or any other basis of which we are aware that permits the consideration of a motion in the nature of rehearing upon the entry of a summary judgment. Counne v. Saffan, Fla. 1956, 87 So.2d 586; Albert v. Carey, Fla.App. 1960, 120 So.2d 189. Therefore, the trial judge was eminently correct in concluding that he lacked jurisdiction to consider a motion to further amend the pleadings subsequent to the entry of summary final judgment. Batteiger v. Batteiger, Fla.App. 1959, 109 So.2d 602.
Apparently, the appellant had originally misconceived her theories and subparagraph (f) of paragraph III of her amended complaint might better have been treated under a separate count for trespass to the person. Cf. Chambers v. Nottebaum, Fla.App. 1957, 96 So.2d 716.
Some of the alleged charges of negligence and unskillful treatment may have been prima facie rebutted by the depositions of certain of the witnesses; nevertheless, there remains unresolved the question of whether or not the appellee wrongfully and unlawfully, as charged in the complaint, removed appellant's teeth from her mouth for the purpose of requiring her to pay the balance of the fee. Of course, this charge is vigorously denied by the appellee; however, he does admit that he removed the teeth. His explanation for the removal is in conflict with the appellant's version, and thereby raises a genuine issue as to a material fact. It was, therefore, error for the trial court to enter the summary judgment.
Accordingly, the judgment appealed is reversed.
PEARSON and CARROLL, CHAS., JJ., concur.