PER CURIAM.
This is the second appearance of this case before us. The action originated in the Circuit Court of Hillsborough County where a judgment was entered for Atlantic Coast Line Railroad Company and The Atlantic Land and Improvement Company against the Gulf Oil Corporation.
The lower court held that Gulf Oil Corporation was liable to indemnify the Atlantic Coast Line Railroad Company and The Atlantic Land and Improvement Company. The two appellant corporations had compromised a negligence action brought against them by two employees of the appel-lee corporation. The two employees received $100,000 in settlement of their damages.
An appeal was taken to the Second District Court of Appeal, Gulf Oil Corporation v. Atlantic Coast Line R. Co., Fla.App.1967, 196 So.2d 456, where we reversed the lower court and held that a provision of the li *689 censing agreement, stated below, did not indemnify licensors against their own negligence. The provision of the licensing agreement in question stated in the fourth paragraph:
“That Licensee [plaintiff] shall and will at all times indemnify and save harmless the Licensors, their successors and assigns, from, and will pay and discharge all loss, costs, expense and damage to persons or property resulting from or in any manner connected with the laying, maintenance, operation or presence of said pipe lines or contents thereof on the premises of the Licensors or the removal of said pipe lines therefrom.”
Speaking through Acting Chief Judge Liles (now Chief Judge) in Gulf Oil Corporation v. Atlantic Coast Line R. Co., supra, the court said:
“It is evident, then, that Florida decisions hold that an indemnity agreement which indemnifies against the indemnitee’s own negligence must state this in ‘clear and unequivocal language. It is also clear that in Nat Harrison Associates, Inc. v. Fla. Power & Light Co., 162 So.2d 298 (D.C.A.Fla.1964) and Fla. Power & Light Co. v. Elmore, Fla., 189 So.2d 522, supra, the court ruled that the words ‘against any liabilities whatsoever’ did not constitute ‘clear and unequivocal’ language sufficient to indemnify the indemnitee against its own negligence. The language of the Elmore decision indicates that the court adopted the majority rule that there can be no presumption that an indemnitor meant to assume liability for an indem-nitee’s negligence unless there is explicit reference to the indemnitee’s negligence in the contract. We likewise conclude that in order for an indemnity clause or contract to indemnify against an indem-nitee’s own negligence, the clause or contract must expressly state that such liability is undertaken by the indemnitor.
“Thus it would appear that the majority rule is the better, and that in order for one to indemnify against indemnitee’s own negligence general language will not suffice. The term clear and unequivocal goes to the specific indemnification; that is, the language ‘any liabilities whatsoever’ as used in the Elmore case, supra, as well as ‘shall and will at all times indemnify and save harmless * * * and will pay and discharge all loss,’ the language used in the instant case, is not the clear and unequivocal language sought, but rather there must be language specifically designating indemnification against one’s own negligence.
“The language of the indemnity clause in the instant case contains no reference to indemnifying against the negligence of the indemnitee which is necessary to exclude it from the majority rule, and thus it was error for the trial judge to enter a declaratory judgment finding the clause did indemnify defendants against their own negligence.”
After our mandate went down, the trial judge entered a final judgment in favor of the Gulf Oil Corporation.
In the original case, Gulf Oil Corporation brought suit for declaratory judgment against Atlantic Coast Line Railroad Company alleging that Atlantic Coast Line was claiming that the lease of October 15, 1953, obligated Gulf Oil Corporation to pay as indemnity the sum of $100,000, plus all costs and expenses of the litigation.
There was a stipulation that an initial determination be made as to whether the Atlantic Coast Line, pursuant to Paragraph Four of plaintiff’s Exhibit A (the lease of October 15, 1953), was entitled to indemnity from the plaintiff, Gulf Oil Corporation for their own negligent acts.
Subsequent to our opinion in Gulf Oil Corportion v. Atlantic Coast Line R. Co., supra, the Gulf Oil Corporation moved in the circuit court for the entry of a final judgment in its favor.
*690 Atlantic Coast Line moved for leave to file an amended answer and counterclaim. The lower court refused to permit the filing of an amended answer and counterclaim, and entered a final judgment in favor of Gulf Oil Corporation as follows:
“This cause came on to be heard on April 26, 1967, on Motion to Enter Final Judgment and Motion to Tax Costs filed by the plaintiff, and Motion to be Allowed to File Amended Answer and Counterclaim filed by the defendants. The Court has heard argument and has considered the order denying rehearing and the mandate of the District Court of Appeal. It is accordingly
“ORDERED AND ADJUDGED:
“1. The Declaratory Judgment entered herein on September 10, 1965, and the Final Judgment entered herein on November 10, 1965, are each hereby vacated and set aside.
“2. The Motion to be Allowed to File Amended Answer and Counterclaim filed by the defendant is hereby denied.
“3. The plaintiff Gulf Oil Corporation is entitled to the entry of a Final Judgment in its favor on its complaint and on the counterclaim of the defendants.
“4. The plaintiff Gulf Oil Corporation is not obligated to pay any sums to the defendants Atlantic Coast Line Railroad Company and The Atlantic Land and Improvement Company, because of any amounts expended by either of such defendants in the defense or compromise of actions instituted by John D. Barfield and Stanley Scally against such defendants by reason of the accident occurring at Port Tampa, Florida on July 3, 1958.
“5. The defendants Atlantic Coast Line Railroad Company and The Atlantic Land and Improvement Company do take nothing by their counterclaim herein, and as to such counterclaim the plaintiff Gulf Oil Corporation do go hence without day.
“6. The plaintiff Gulf Oil Corporation do have and recover of and from the defendants Atlantic Coast Line Railroad Company and The Atlantic Land and Improvement Company, jointly and severally, its costs herein in the amount of $100.-86, for which let execution issue.”
The judgment of the circuit court was superseded by our reversal and mandate to the trial court, and it was the duty of the circuit court to carry out our mandate.
Despite the liberality of amendments, we find no former case nor have the parties shown to us any cases that would indicate an amendment is proper after a reversal of judgment and the entry of another judgment in favor of one of the parties.
The lower court is affirmed.
LILES, C. J., and ALLEN and SHANNON, JJ., concur.