WEHLE, VICTOR O., Associate Judge.
This is an appeal from a declaratory, judgment in an action in which a municipal corporation, The Village of North Palm Beach, sought a declaration as to its right or duty under a zoning ordinance to issue a final building permit for a large apartment house to the defendants who had previously secured from the Village a foundation permit and had substantially completed the foundation at great expense. The Village claimed that the ordinance was invalid.
The evidence established certain facts which we now summarize. On August 14, 1957, the Village enacted a comprehensive zoning, ordinance, Ordinance No. 20, under which the land here involved was zoned as R-l, single family residential. On March 10, 1959, the Village enacted (or attempted to enact) Ordinance No. 44, zoning the land as C-1A, limited commercial, which would authorize the construction of apartment houses. The Village then prepared maps, showing the land to be zoned C-1A and the building inspector of the Village for many years advised everyone that the land was so zoned. No use was attempted to be made of the land until August 15, 1969, when the Village issued a foundation building permit for the foundation of a multi-story 52 unit apartment house to be erected on the land at an estimated cost of $1,000,000.00. No construction was begun under that permit, but on January 23, 1970, before the first permit expired, the Village issued to the owner and builder another foundation permit for a 12 story 96 unit apartment house to be erected on the land at an estimated cost of $2,000,000.00. The Village was paid and retained substantial fees for the two permits.
Construction of the foundation was commenced promptly at an ultimate expense of approximately $64,000.00. On February 24, 1970, after the foundation was substantially completed, the Village filed its petition for a declaratory judgment, asserting its doubt as to the validity of Ordinance No. 44 and asking a determination of its right or duty to issue a building permit for the completion of the apartment house.
James Collins and his wife, the owners of R-l property immediately adjoining the land involved and claiming a real interest in the subject matter of the litigation intervened on March 29, 1970. After a non-jury trial final judgment was entered June 1, 1971. In the meantime the owner had filed a mandamus action to compel the issuance of the permit and the trial judge had ruled that the outcome of the declaratory judgment action would govern the result of the mandamus action. As he ultimately ruled that Ordinance No. 44 was invalid, he then dismissed the mandamus action. By order of July 27, 1971, the two cases were consolidated for purposes of this appeal.
The validity of Ordinance No. 44 was attacked on several grounds, the most tenable of which was that the notice of a public hearing on the proposed ordinance was published only fourteen days before the hearing, instead of fifteen days as required by law. We agree that this rendered the ordinance subject to successful attack. However, the owner and builder contend that the Village was estopped from claiming its own ordinance was invalid. The Village had for ten years held out to the public and the owner that the land was zoned in class C-1A. It had accepted the fee for and had actually issued the foundation permit for the apartment house and thereby caused the owner and builder to change their position in such a way that they would suffer substantial injury if the Village were permitted to deny the right to the final permit.
We feel that the classic elements of es-toppel existed here and the Village is es-topped from refusing to issue the permit. *678 See Stahelin v. Board of Education, 1967, 87 Ill.App.2d 28, 230 N.E.2d 465, and New-Mark Builders, Inc. v. City of Aurora, 1967, 90 Ill.App.2d 98, 233 N.E.2d 44.
However, a different situation exists as to the intervenors, Collins and wife, against whom estoppel was also claimed. It is true that the intervenors bought their home knowing that the adjacent land was zoned C-1A, but they did nothing to induce or cause the owner to apply for a permit or to expend money in reliance on the permit. They did not know or have reason to know that the foundation permit was being issued and cannot be held to have by their inaction misled the owner and builder to their detriment.
We rule, therefore, that the intervenors were not estopped to assert the invalidity of Ordinance No. 44 and the trial court was justified in declaring the ordinance invalid and the owner and builder not entitled to the final permit.
We affirm the judgment.
REED, C. J., concurs.
MAGER, J., dissents, with opinion.