295 So.2d 701 (1974)
E. Elizabeth BUBB, As City Manager of the City of Indian Rocks Beach, et al., Appellants,
v.
Charles BARBER and Mack Hart, Appellees.
No. 73-337.
District Court of Appeal of Florida, Second District.
June 7, 1974.
William H. Fleece, Fleece, Rhoades & Werly, St. Petersburg, for appellants.
John P. Frazer, Peebles, Gracy, Freeborn & Frazer, Dunedin and Stephen D. Hughes, Largo, for appellees.
BOARDMAN, Judge.
In 1966, the City of Indian Rocks Beach duly enacted Ordinance No. 84 which became "[t]he Zoning Ordinance of the City of Indian Rocks Beach, Florida." This ordinance contained the following provision:
ARTICLE 9. "U" UNPLATTED AREAS
Section 1. In "U" Unplatted areas, any building or premises shall be used only for the following purposes:
(1) Any use, and subject to the same restrictions as those outlined for "S" Single Family Dwelling Districts; but provided that when platted, the Zoning Commission will make recommendation of land use.
Within the geographical boundaries of the city limits of the City of Indian Rocks *702 Beach is located a parcel of approximately 27.71 acres (hereinafter Block #8) of land which was, and according to the record is still, unplatted land. Block #8 was owned by Mr. & Mrs. D.O. Elliott. In 1967, the Elliotts, evidently proceeding pursuant to Ordinance No. 84, Article 9, sought to have the Zoning Commission approve the platting of Block #8. The Zoning Commission met on September 14, 1967, and by a letter bearing the same date, recommended that Block #8 be zoned "M" Multiple Family, subject to six enumerated provisions. Accompanying this letter was a copy of the proposed plat upon which the Zoning Commission based its recommendation. On November 6, 1967, a public hearing was held by the City Commission on the recommendations of the Zoning Commission. At this meeting it was established "... that action taken at this point would be neither an acceptance or (sic) a refusal; ... ." The meeting was concluded with an acceptance of the Zoning Commission's recommendation. At the regular meeting of the City Commission held November 20, 1967, the minutes of the Zoning Hearing were unanimously approved. The City Commission took no further action on this matter.
In December of 1969 the appellees, Barber and Hart, and a corporation called U.K. Enterprises of Clearwater, contracted to purchase Block #8 from the Elliotts. The purchase was consummated in April of 1970. At the time of the purchase Barber checked the zoning on the property with the town clerk who gave the file on the property to Barber. Mr. Barber, an attorney, came to the conclusion from examination of the city's file that there was no density limit as to building units per acre at that time. He was mistaken.
On March 24, 1971, the appellees obtained a building permit to construct a sixfoot seawall around Block #8. The construction of a seawall was one of the six conditions suggested by the Zoning Commission to change the zoning to "M."
On January 17, 1972, Resolution No. 72-1 was passed and adopted declaring a moratorium on the issuance of building permits for a period of forty-five days. On February 21, the appellees applied for a building permit. The permit was refused. That same day, by Resolution No. 72-2, the moratorium was extended for an additional sixty days. The moratorium was further extended by sixty days by Resolution No. 72-12.
The appellees filed a Petition for Alternative Writ of Mandamus on April 17, 1972, to compel the issuance of a building permit to them. The trial court entered a Writ of Mandamus and this timely appeal followed.
In arriving at its decision that the appellees were entitled to the requested building permit, the trial court specifically found that the property in question "... was zoned "M" Multiple Family Dwelling by the City at Public Hearing on November 6, 1967, ... ." We cannot agree and, in view of our decision, we need not and do not determine the question of the effectiveness of the moratorium or Ordinance No. 125 which was adopted by the council subsequent to the time appellees filed their application for a building permit on February 21, 1972.
It is well established in this state that a municipal ordinance cannot be repealed by a mere resolution, this result can only be accomplished by the passing of a new ordinance. City of Coral Gables v. City of Miami, 138 Fla. 881, 190 So. 427 (1939); Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (1942). It follows that an acceptance of the Zoning Commission's recommendation is also ineffective to revoke the existing ordinance. Additionally, we note that the Charter of the City of Indian Rocks Beach, Section 18, specifies that "... [a]ll ordinances shall be passed on three (3) several *703 readings, ... ." Accordingly, with deference to the trial judge, we are constrained to conclude that the property in question was not zoned "M." The City Charter, supra, specifically provided the method and manner by which the City shall adopt ordinances. It was clearly not followed in this instance. The City cannot enact a zoning ordinance by merely indicating intention to do so or by simply passing a resolution.
The appellees contend that a municipality cannot question the validity of its own zoning ordinance, citing O.P. Corporation v. Lewis, Fla.App.4th, 1972, 266 So.2d 676. We read Lewis, supra, as standing for the proposition that a municipality can be estopped from asserting invalidity of an ordinance that it actively held out to be in effect. Such is not the case here. The defect the Village sought to assert in Lewis, was a fourteen-day notice of hearing rather than the fifteen days as required by law.
In Florida Tallow Corp. v. Bryan, Fla. App.4th, 1970, 237 So.2d 308, it was held that substantial compliance with the zoning ordinance is all the law requires and failure to observe procedural niceties in the enactment of an ordinance making zoning changes does not vitiate the ordinance. This principle of law would have sufficed to justify the result in Lewis, supra.
In the case sub judice, however, there was no holding out to the public that the subject property had been zoned "M." Neither was there a mere failure to "... observe procedural niceties." To the contrary, there was a total absence of any official action that could have resulted in the rezoning of the subject property from "U" to "M."
We conclude that the property in question was not zoned "M." As unplatted property it was subject to the building classification provided in Article 9 of Ordinance No. 84, i.e., "S" single family residence. Accordingly, the appellees were not entitled to the building permit that they sought.
Reversed and remanded with directions to quash the writ of mandamus.
HOBSON, Acting C.J., and McNULTY, J., concur.