302 So.2d 130 (1974)
O.P. CORPORATION and Wiggs & Maale Construction Co., Inc., Florida Corporations, Petitioners,
v.
The VILLAGE OF NORTH PALM BEACH et al., Respondents.
No. 43004.
Supreme Court of Florida.
October 16, 1974.
*131 Ronald Sales, Sales, Metzger & Christiansen, Palm Beach, for petitioners.
Herbert L. Gildan, Nason, Gildan & Yeager, West Palm Beach, for The Village of North Palm Beach and Charles R. O'Meilia.
Paty, Downey, Lewis & Eaton, Palm Beach, for James and W. Diane Collins, as respondents.
PER CURIAM.
Petitioners seek an order enforcing our mandate of June 22, 1973, reported at Fla., 278 So.2d 593, wherein on rehearing granted we quashed in part and affirmed in part the District Court opinion reported at Fla. App., 266 So.2d 676, and remanded with directions to the trial court to issue the building permit initially sought by petitioners.
Petitioners now allege respondents have revoked the permit on the basis that it was improperly issued on false statements and misrepresentations as to material facts in the original application therefor. Respondents previously sought an order in the trial court relieving them from its order requiring the permit to be issued. Petitioners thereupon sought to have respondents cited for contempt for failure to comply with the trial court order. The trial court denied respondents relief and dismissed all pleadings subsequent to its order to issue the permit as beyond its jurisdiction. In so doing the trial court acted properly in compliance with our mandate.
This Court clearly has jurisdiction to enforce its mandates pursuant to Section 25.041, Florida Statutes. See Posner v. Posner (Fla. 1972), 257 So.2d 530. It is also well settled that the judgment of an appellate court, where it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act requiring the consent of the reviewing court permitting presentation of a new matter affecting the cause. Berger v. Leposky (Fla. 1958), 103 So.2d 628, and Rinker Materials Corp. v. Holloway Materials Corp. (Fla.App. 1965), 175 So.2d 564. Petitioners' allegations, however, admit compliance with our mandate by the District Court, the trial court, and respondents, in issuing the permit which was subsequently revoked by respondents on grounds apparently not previously before us. In view of the compliance with our mandate, petitioners are not entitled to the order sought, subject to the caveat hereinafter expressed.
Therefore, the petition to enforce our mandate is denied, but with leave to the trial court to exercise jurisdiction and to consider whether there was good cause or justification for revoking the building permit subsequent to its issuance or if the revocation is in fact merely an indirect refusal to obey the mandate.
It is so ordered.
ADKINS, C.J., and ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.