328 So.2d 490 (1976)
George R. WALDECK, Appellant,
v.
Myron MARKS, Appellee.
No. 75-131.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied April 1, 1976.
*491 Bolles, Goodwin, Ryskamp & Welcher and Arthur M. Simon, Ward, Ward, Straessley & Heath, Miami, for appellant.
Bretan & Marks, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Waldeck was the defendant in the trial court. The appellee/cross-appellant Marks was the plaintiff. Both parties have appealed from a final judgment in partition in which the trial court settled the ownership and equities resulting from their partnership in the development of a tract of land.
Marks is an attorney experienced in the development of income property. Waldeck is a veterinarian. They met when Marks was employed by Waldeck in a dissolution of marriage proceeding. Waldeck owned a parcel of property on which he had an animal hospital. The land is described by the court in its judgment:
* * * * * *
"a. The lands described in the next preceding paragraph 2 are approximately 67 feet by 300 feet, on which the improvements consist of an animal hospital on the front portion and an office building on the rear portion; said Tract B is divisible in kind into two parcels: a parcel `W', fronting on South Dixie Highway, and including the animal hospital and adjacent parking facilities, and a parcel `M', including the office building and its adjacent parking facilities.
"Said parcels are legally more particularly described as follows:
Parcel `W':
Tract B, less the East 202 feet thereof in Block 1, TALBOTT ESTATES, Plat Book 60, Page 49; and
Parcel `M':
The East 202 feet of Tract B in Block 1, TALBOTT ESTATES, Plat Book 60, Page 49.
"b. Upon the submitted reports of their respective appraisers, the parties *492 have stipulated to the following valuations for the said Tract B and its two component parcels:

 Parcel `W' ................. $ 58,200
 Parcel `M' ................. $127,200
 _________
 Tract B (Total Value) ...... $185,400"

* * * * * *
Marks and Waldeck agreed to a plan for the development of Waldeck's property. The plan was not reduced to writing but, pursuant to the plan, Waldeck conveyed a one-half interest in the property to Marks. The consideration for the conveyance was Marks's agreement to lend his services in the development of the property. Subsequently, an office building was constructed on the vacant portion of the property (parcel M). In addition, alterations of the animal hospital were carried out (parcel W).
Disputes arose between the parties, and Marks instituted a suit for partition. Waldeck, by answer and counterclaim, alleged fraud and overreaching by Marks. Under the supervision of the court at pretrial conference, the parties stipulated as to the issues to be tried, as follows:
* * * * * *
"5. Parties have stipulated and agreed as to the need for partition of the subject property and therefore the Court orders that the real property and improvements as described in the pleadings shall be partitioned pursuant to the appropriate procedures provided by law; the Court shall enter its more specific orders setting the terms of the partition following final hearing in this cause of the remaining issues as set forth below.
"This action shall proceed to trial solely on the issue of distribution of the proceeds derived of the partition of the subject property. The sole remaining factual issue for trial determination is whether there is any money due from either party to the other arising out of the following:
"A. The transfer from Waldeck to Marks on March 15, 1972, of an undivided one-half interest in the subject realty.
"B. Arising out of the construction of the improvements to the property.
"C. Arising out of the partnership in the operation of the Waldeck Plaza facility (rent, maintenance, etc.)
"D. The amount of monies due from Waldeck to the Waldeck partnership (Waldeck Plaza) as and for rents in the business use of the animal hospital and the personal use of the apartment by Waldeck.
"6. The parties have agreed that any amounts due either of them under the above paragraph shall be paid or set off at time of rendition of final judgment herein, or upon completion of partition, whichever occurs later.
"7. The parties have agreed that the use of terms joint venture, partnership, or tenancy in common shall not bind either party as to legal definition or application of such terms in this case.
"8. All other claims and disputes heretofore in issue between the parties, whether by pleading or otherwise, shall be considered withdrawn and dismissed; specifically dismissed are those allegations and claims seeking rescission of the subject deed, accounting and/or claims asserting misrepresentation, fraud, slander of title, invalidity of title in either party, erroneous deed, impropriety or insufficiency in the execution of the deed."
* * * * * *
In an extensive final judgment and a supplemental order in partition, the court partitioned the property and settled the equities between the parties. Waldeck received the parcel upon which his animal hospital stands (parcel W). Marks received the parcel upon which the office building had been constructed (parcel M). The court found that the mortgage indebtedness should be "equitably assumed" in proportion to the appraised value of the parcels *493 and the capital provided by the parties.[1] Waldeck was held to owe Marks $3,346 for an excess contribution by Marks. The court reserved jurisdiction to award attorney's fees and costs.
Waldeck's appeal urges that the court erred in awarding fees for services by Marks as a part of his contribution to the partnership capital. The court found capital contributions to be:

 "WALDECK
 Lands and existing improvements .................... $36,000
 Less rents due and owing ........................... $ 9,000
 _______
 Net contribution $27,000
 MARKS
 Services in financing, construction, etc. $25,000
 ________
 Difference $ 2,000"

It appears that the trial judge began his adjustment of equities by assuming that at the beginning of the partnership, each party was a full one-half owner without obligation to the partnership. This assumption is not supported by the record because Marks's consideration for his one-half interest had not been paid. It is clear that he received his one-half interest in consideration for his future services in securing the development of the jointly-held property.
No other consideration appears for the deed. Marks suggests that Waldeck stipulated himself out of court because he agreed to the pretrial order or, at least, did not appeal from that order. We cannot accept this proposition. First, the order, by its terms, does not exclude, but rather includes, the issue of the consideration for the deed to Marks. Second, Marks is an attorney and had represented Waldeck in proceedings subsequent to the divorce. Although there is nothing inherently wrong with an attorney doing business with his client, nevertheless, all transactions between an attorney and his client are closely scrutinized by the court, and the measure of good faith which an attorney must exercise in such transactions is much higher than is required in business dealings where the parties trade at arms length. 7 Am.Jur.2d Attorneys at Law § 94 (1963). The burden is ordinarily upon the attorney to show the fairness of his dealings with his client and also his own good faith in connection therewith. When there is a claim of wrongdoing, there is a heavy burden upon the attorney to show that the transaction was not influenced by the attorney/client relationship. See generally Bolles v. O'Brien, 63 Fla. 342, 59 So. 133 (1912); Halstead v. Florence Citrus Growers' Ass'n, 104 Fla. 21, 139 So. 132 (1932); Gerlach v. Donnelly, Fla. 1957, 98 So.2d 493; and Smyrna Developers, Inc. v. Bornstein, Fla.App. 1965, 177 So.2d 16.
We hold that the trial court was in error in considering the parties as joint tenants at the beginning of this litigation. *494 The record supports no conclusion other than one showing that they were partners in the development of Waldeck's land. As such, Marks was entitled to a capital contribution for one-half of the appraised value, or $18,000 not $25,000, of the property for his services in developing the property. The equities between the parties must be readjusted as well as any judgment for money.
The cross-appeal by Marks urges that he did not get all that was due him as a cotenant. It is sufficient to say that these points do not present error because of what has already been written.
The final judgment of partition and the supplemental order in partition are reversed and the cause remanded for further proceedings in accordance with the views expressed herein.
Affirmed in part, reversed in part and remanded.
NOTES
[1] * * * *
"B. That the parties hereto shall share in the payment of all sums of money which are due or shall become due by reason of the Note and Mortgage executed by the parties to SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION, and that they shall share as between themselves in the following manner: Of the principal sum due, in the amount of $85,000, Defendant WALDECK shall pay $7,000 and Plaintiff MARKS shall pay the remainder, each meeting the obligations and paying the installments upon their respective principal obligations, together with interest thereon, as they mature and become due and payable from time to time."
There is no assignment of error concerning the apportionment of the mortgage.