PER CURIAM.
We have for review a referee’s report entered as a result of a complaint made by The Florida Bar against Attorney Theron S. Hornbuckle. The findings of fact by the referee contained the following:
“As to Count I
“Prior to November, 1969, Theron S. Hornbuckle represented Mrs. Gaitha Martinez in various legal matters and was asked by her for advice concerning investing monies which she received from her deceased husband’s Estate.
“Mrs. Martinez, after advice from Respondent, delivered to him $18,500, which she thought was to be secured by properties of another client of Mr. Hornbuckle’s, with Mr. Hornbuckle being trustee for the latter client’s property. However, *1031 Mrs. Martinez became dissatisfied with this arrangement, and when Respondent was personally unable to repay the loan, she required and accepted a sixth mortgage on Respondent’s home.
“As to Count II
“In May of 1972, Respondent represented Mrs. Helen West at the closing for the sale of her house. Shortly thereafter Respondent asked Mrs. West to make him a loan which he would secure with a mortgage on his own home. Mrs. West then loaned $13,500 to Respondent, and he gave her a Mortgage Deed on his property. Mrs. West did not fully understand that there were at least four other mortgages on his home when he gave her the mortgage securing her loan, although the Mortgage Deed did recite the prior indebtedness.
“As to Count III
“Respondent represented Mr. Willard Nordin in various legal matters for over twenty years. In October of 1973, Respondent asked Mr. Nordin to lend him $10,000. Mr. Nordin lent Respondent the $10,000, but for a period of no longer than one month. When Respondent was unable to repay the loan, he then secured the Nordin loan with a note and mortgage, intending to find a purchaser for said note and mortgage for them. Mr. Nordin did not originally want such an arrangement and has never fully agreed to accept such terms. The loan was not repaid.
“This Referee finds that Respondent’s loans were generally entered into in good faith by Respondent and that Respondent was unaware of the prohibitions of the Code of Professional Responsibility on entering into private transactions with clients without very full disclosure even if such transactions are matters of public record. Likewise, this Referee is aware that Respondent made some efforts to sell his home in order to satisfy the creditors in this matter.
“This Referee is aware that Respondent has filed a joint Motion for Summary Final Judgment of Foreclosure on his home, which will result in substantial repayment of principal indebtedness to the three parties mentioned in the above Counts, as well as to three other creditors in similar transactions.”
The referee recommended that respondent be found guilty on each count. He then recommended that respondent receive a suspension of sixty days and placed on probation thereafter for a period of two years. The referee recognized that more severe discipline would have been imposed if predicated on facts involving intentional deceit or fraud, but he specifically found that such were not present in this case. He recommended that the suspension should not require proof of rehabilitation except compliance with the terms and conditions of the probation which were set forth as follows:
“A. The Respondent will not commit any crimes or violate the Integration Rule or Code of Professional Responsibility of The Florida Bar.
“B. The Respondent shall, not later than 60 days after approval of this referee report by the Supreme Court of Florida, provide to the Clerk of the Supreme Court, with a copy to the Staff Counsel of The Florida Bar, a list of all debts, business, personal or otherwise, which are older than 90 days, and a schedule for the payment of these debts.
“C. The Respondent shall, not later than 60 days after approval of this referee report by the Supreme Court of Florida, provide to the Clerk of the Supreme Court, with a copy to the Staff Counsel of The Florida Bar, a detailed letter advising of the status of Case No. 75-8990, in the Circuit Court of the Eleventh Judicial Circuit of Florida, and of the status of the accounts or indebtedness of Respondent to:
“i. William M. Nordin and Marjorie K. Nordin
“ii. Howard S. Riggs, as Custodian for Tommy L. Riggs
“iii. Mary Barnes
“iv. Lester M. Guest and Pearl Anne Guest
“v. Gaitha Martinez
“vi. Helen M. West
“D. The Respondent shall, not later than 60 days after approval of this referee report by the Supreme Court, provide to the Clerk of the Supreme Court, with a *1032 copy to the Staff Counsel of The Florida Bar, a list advising the location of all known records and files of his practice of law. Such list or inventory need not be on a case by case basis, but shall state where bulk storage, present files, and other similar records are kept.
“E. During the period of this probation, Respondent shall file brief quarterly reports as to the foregoing with the Clerk of the Supreme Court of Florida with a copy to the Staff Counsel of The Florida Bar.
“F. Respondent consents, upon three working days’ notice to an inspection of all records relating to the foregoing by the Staff Counsel of The Florida Bar or such persons as may be designated by the Staff Counsel to conduct such an inspection.
“G. The Respondent shall not later than 60 days after approval of this referee report by the Supreme Court, provide an accurate list of all clients, past and present, with whom he has engaged in loan transactions. The Respondent shall not engage in any further loan transactions with any past or present clients without putting those clients on written notice of the existence and nature of this disciplinary proceeding, with a copy of such notice to Staff Counsel of The Florida Bar.
“H. BREACH OF PROBATION
“Respondent agrees that probable cause of his breach of the conditions of his probation shall be determined by the filing with the Supreme Court of Florida, of a complaint by the Staff Counsel of The Florida Bar, alleging such a breach and recommending further discipline.
“Respondent agrees that such a complaint shall then be heard before a Referee of The Florida Bar without the matter first being presented to a Grievance Committee. Should the Referee find the Respondent guilty of such a breach, the Respondent shall be deemed in contempt of the Supreme Court of Florida and subject to further discipline recommended by the Referee as provided in the Integration Rule. Final discipline for such contempt and the adjudication thereof shall be entered by the Supreme Court of Florida.
“The Board of Governors of The Florida Bar may make its own recommendations of discipline in the event of a Referee report finding a breach of this probation. The Respondent will be entitled to file a response to the factual conclusions of the report and to any recommended disciplines.
“V. Personal history and past disciplinary record:
“After finding of guilty and prior to recommending discipline to be recommended pursuant to Integration Rule 11.06(a)(4), I considered the following personal history and disciplinary record of the Respondent, to-wit:
“Age: 68
Date admitted to The Florida Bar: 1952 Prior Disciplinary measures: None Other personal data: Respondent was engaged in an active general practice for nearly 25 years without any meritorious complaints and enjoyed a good reputation with his clients and other attorneys generally.”
The respondent has been engaged in the general practice of law for almost twenty-five years and no complaints had previously been filed by The Florida Bar. Respondent has enjoyed a good reputation with his clients and other attorneys generally.
We approve and adopt the findings of fact and the recommendation of the referee.
The respondent Theron S. Hornbuckle is suspended from the practice of law for a period of sixty days and is placed on probation for a period of two years under the terms and conditions set forth above. The suspension does not require proof of rehabilitation except that respondent must comply with the terms and conditions of the probation.
Costs are taxed against, the respondent in the amount of $345.70.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.