PER CURIAM.
The appellants, Anthony Lee Jones, Luella Toots, and Fannie Mae Leonard were plaintiffs in a declaratory action to enforce arbitration of their claims for uninsured motorist benefits. An order granting summary judgment was entered requiring arbitration, but limiting recovery as follows:
“[I]n the event there is an arbitration award to the plaintiffs, the defendant, Progressive Casualty Insurance Company, shall only be responsible under their uninsured motorist coverage for that portion of the arbitration award, if any, which is in excess of the total available policy limits afforded to the alleged third party tortfeasor.”
After the filing of a motion for rehearing by Progressive, rehearing was granted upon the claim of Leonard. The motion shows that the ground for the rehearing was a claimed violation by Leonard of the policy in that she had released the tortfeasor’s insurance company in return for a settlement. No proofs of the claimed violation appear in the record. The subsequently-entered summary final judgment conformed to the prior order except that the claim of Leonard was dismissed.
The parties agree that the statute of limitations has run upon the claims of Jones, Toots and Leonard against the tort-feasor’s insurance company. Under these circumstances there was no error in limiting the recovery in arbitration against Progressive to the excess over the total available policy limits afforded to the alleged tort-feasor. Appellants suggest that the onus of having allowed the statute of limitations to run should be shifted from them to the defendant insurance company because the company contested their claims. We know of no authority for this position. Cf. DuPont v. Parker & Co. of Florida, 190 So.2d 388 (Fla. 3d DCA 1966).
Because the record does not support the summary final judgment for Progressive against Leonard, that portion of the judgment is reversed. The cause is remanded for further proceedings as to that plaintiff. Therefore, the judgment is affirmed as to plaintiffs Jones and Toots, and reversed as to plaintiff Leonard.
Affirmed in part; reversed in part, and remanded.