376 So.2d 853 (1979)
THE FLORIDA BAR, Complainant,
v.
Gordon D. SIMONDS, Respondent.
No. 56592.
Supreme Court of Florida.
November 1, 1979.
David G. McGunegle, Branch Staff Counsel, and John A. Boggs, Asst. Staff Counsel, Tallahassee, for complainant.
Gordon D. Simonds, in pro. per.
PER CURIAM.
This is a Petition for Leave to Resign in Lieu of Discipline pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.08(2).
Mr. Simonds currently has pending six separate disciplinary actions which resulted in the Bar filing a multiple-count complaint on December 6, 1978.
Two cases involve his mishandling and improper business transactions with two clients in an investment situation in Central Florida along with neglect in other areas of their affairs. In 1974, he secured $20,000 investment loans from each individual for a retail clothing store venture in Winter Park. He failed to advise either that he was the substantial owner of the business although he did indicate he would personally endorse the notes. No written security was provided to either client at the time or for several months thereafter. He did subsequently provide each a note for $20,000 bearing a 10% interest rate payable in five years and second note for $5,000 bearing no interest. When the retail clothing *854 operation went bankrupt a year-and-a-half later, both clients lost substantially. However, the clients were eventually repaid in excess of 50% of their loans. The Petitioner also lost a substantial amount of his personal money. Mr. Simonds' conduct in this matter violated Disciplinary Rules 1-102(A)(4), 5-101(A), 5-104(A), 5-105, 6-101(A)(3), 7-101(A)(2) and 7-101(A)(3) of The Florida Bar's Code of Professional Responsibility.
In the foregoing cases Mr. Simonds engaged in business investment transactions with clients without properly advising them of their differing interests, their legal rights and of the almost strict fiduciary standard imposed upon attorneys who enter into such business transactions with their clients which has long been the rule in Florida. See Bolles v. O'Brien, 63 Fla. 342, 59 So. 133 (1912); Halstead v. Florence Citrus Growers' Ass'n., 104 Fla. 21, 139 So. 132 (1932); Gerlach v. Donnelly, 98 So.2d 493 (Fla. 1957); and Waldeck v. Marks, 328 So.2d 490, 493 (Fla.3d D.C.A. 1976) (a recent opinion citing the foregoing cases). This court has also disciplined attorneys for such dealings with their clients. See The Florida Bar v. Hornbuckle, 347 So.2d 1030 (Fla. 1977); The Florida Bar v. Bennett, 276 So.2d 481 (Fla. 1973); and The Florida Bar v. Rhubottom, 132 So.2d 395 (Fla. 1961).
The four remaining cases concern Mr. Simonds' undertaking legal representation of separate clients in 1974 and 1975 and failing to perform legal services for which he had been retained. In Case Number 09A76091, the Respondent failed to pursue a promissory note collection case after filing the Complaint and to return the client's file until the grievance committee hearing in 1976. In Case Number 09A76107, the Respondent was retained to render advice and to set up a professional association for which he was paid his fee. Thereafter, he neglected the matter, was difficult to contact and apparently misplaced the file for a period of time. In Case Number 09A77112, the Respondent had assisted clients to prepare tax returns in the mid-1970's. Although he was forwarded all necessary information in 1976 to prepare the returns for filing and secure an extension of time, he thereafter failed to do anything further or to return the information. In Case Number 09A77130, the Respondent represented a Defendant in a civil action arising out of the sale of a business. He was retained in August, 1975 and thereafter filed his Notice of Appearance. Despite a Notice of Final Hearing scheduled for December 4, 1975, Respondent failed to appear and no other person, including the Defendant, appeared at the hearing. Thereafter, a final judgment was entered against his client. The foregoing matters involve violations of Disciplinary Rules 6-101(A)(3), 7-101(A)(1), 7-101(A)(2) and 7-101(A)(3) of The Florida Bar's Code of Professional Responsibility dealing with neglect of cases and failure to perform in behalf of clients.
The Bar in its response has represented that granting the Petition to Resign will be an appropriate disposition of the pending disciplinary cases.
The Petition for Leave to Resign in Lieu of Discipline is granted and Mr. Simonds is hereby granted leave to resign from The Florida Bar on the express condition that as a condition precedent to readmission he pass the Ethics portion of the Florida Bar Examination.
Costs in the amount of $328.20 are hereby taxed against Respondent.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.