380 So.2d 513 (1980)
George ROBINSON, Individually and As Personal Representative of the Estate of Jean Robinson, Deceased, Petitioner,
v.
John GALE, Judge of the Circuit Court of the Eleventh Judicial Circuit, Respondent, and
Allstate Insurance Company, Morris Beck, Eugene Willard Simmons, Joyce Simmons, Charles Kreiker, Eutychos Rolle and Industrial Fire and Casualty Company, Defendants below.
No. 79-1922.
District Court of Appeal of Florida, Third District.
February 26, 1980.
*514 Alan Goldfarb and Joel Lumer, Miami, for petitioner.
Weissenborn & Burr and Lee Weissenborn, Miami, for respondent.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
By this petition for prohibition/mandamus, which we treat as a timely petition for a writ of certiorari, see Fla.R.App.P. 9.040(c), we are asked to review an order of the trial court granting a motion for summary judgment on liability for the defendants [Eugene Willard, a/k/a Eugene Willard Simmons, Joyce Simmons and Allstate Insurance Company] in this wrongful death action.
We grant the petition for writ of certiorari and quash the order under review upon a holding that said order constitutes a deviation from this court's mandate, upon a prior appeal in this cause, which required the grant of a new trial herein as to the above defendants. Robinson v. Allstate Insurance Co., 367 So.2d 708 (Fla.3d DCA 1979). Compliance with our mandate in the trial court was a purely ministerial act which could not be departed from without our consent. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232, 236 (Fla.3d DCA 1979); Mendelson v. Mendelson, 341 So.2d 811, 813-14 (Fla.2d DCA 1977).
We confess that our prior opinion in this cause contains language which casts serious doubt on whether any evidence of negligence was adduced at the prior trial as to the defendants herein. Understandably, that language misled the trial court. Still, our mandate required a new trial in the cause, not a summary judgment for the above defendants. At such new trial, however, the trial court is not precluded from granting, if appropriate, a defense motion for a directed verdict.
The order under review is quashed and the cause remanded to the trial court with directions to order a new trial in this cause in accordance with our prior mandate herein.