388 So.2d 328 (1980)
Anthony Lee JONES and Luella Toots, Petitioners,
v.
The Honorable Francis X. KNUCK, As Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida and Progressive Casualty Insurance Company, Respondents.
Nos. 80-935, 80-1118.
District Court of Appeal of Florida, Third District.
September 23, 1980.
*329 Nachwalter, Christie & Falk, Jay M. Levy, Miami, for petitioners.
Joe N. Unger, Kopplow & Ramirez, Miami, for respondents.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
In accordance with the rule enunciated in Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980), we treat these consolidated cases as a petition for a writ of certiorari and clarify our opinion rendered earlier in this cause. Jones v. Progressive Casualty Insurance Co., 373 So.2d 947 (Fla. 3d DCA 1979).
In Jones v. Progressive Casualty Insurance Co., supra, we reviewed a summary judgment requiring arbitration of the claims for uninsured motorist benefits of Jones, Toots, and Leonard, another appellant. The summary judgment required arbitration and also limited recovery to the amount of the arbitration award, if any, in excess of the policy limits of the alleged third party tortfeasor. On appeal, we affirmed this summary judgment as to Toots and Jones, noting that there was no error in limiting the amount of recovery because the insureds had allowed the statute of limitations to run against the alleged third party tortfeasor. Jones v. Progressive Casualty Insurance Co., supra.
After the issuance of our mandate affirming the summary judgment as to Jones and Toots, and without this court's permission, the trial court entered yet another summary judgment. This second ruling opened the question of coverage for reconsideration and determined that Jones and Toots were not entitled to uninsured motorist coverage because they had violated the provisions of their insurance policy by allowing the statute of limitations to run against the alleged third party tortfeasor.
We hold that the action by the trial court constitutes a deviation from this court's mandate. Compliance with our mandate is a purely ministerial act and the trial court may not depart from our mandate without our consent. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA 1979); Mendelson v. Mendelson, 341 So.2d 811 (Fla. 2d DCA 1977).
The order under review is quashed.