404 So.2d 789 (1981)
Robert MACKIN, Appellant,
v.
Allan H. APPLESTEIN, Allan H. Applestein Foundation Trust and Federal Insurance Company, Appellees.
Allan H. APPLESTEIN and Allan H. Applestein Foundation Trust, Appellants,
v.
FEDERAL INSURANCE COMPANY, Appellee.
Nos. 80-786, 80-787, 80-808.
District Court of Appeal of Florida, Third District.
October 6, 1981.
Horton, Perse & Ginsberg and Edward A. Perse, Hawkesworth & Schmick, Jerold Feuer, Miami, for Robert Mackin.
Kimbrell, Hamann, Jennings, Womack, Carlson, Kniskern and A.H. Toothman and R. Owen Ricker, Jr., Miami, for Federal Insurance Co., Tew, Spittler & Berger and Jeffrey A. Tew, Miami, for Allan H. Appelstein and Allan H. Applestein Foundation Trust.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
In Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1107 (Fla. 1980), we held that, upon the face of the plaintiff Mackin's fourth amended complaint against Appelstein and the Applestein trust, which claimed that intentional torts were committed with a specific intent to harm, the defendants' liability carrier, Federal, had no obligation to defend or provide coverage. Shortly before the release of that decision, Mackin moved in the lower court to amend the complaint further so as alternatively to claim that Applestein had acted only with imputed or implied malice, an allegation which would presumably have established coverage under Employers Commercial Union Ins. Co. of America v. Kottmeier, 323 So.2d 605 (Fla. 2d DCA 1975), cited with *790 approval in Applestein. After the receipt of our opinion, however, the trial judge complied with our specific directions to do so, see 377 So.2d at 233-34, and entered summary judgments for Federal against Mackin and the Applestein defendants. The present cases are appeals from that judgment and from a later order denying, as to Federal, the motion to amend.[1] We affirm both the judgment and the post-judgment order but remand the cause for further proceedings.[2]
The judgments entered for Federal on the fourth amended complaint were plainly correct. Indeed, the trial court was required to comply with our appellate mandate directing that this be done and had no authority whatever to do otherwise. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980); Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980); Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979); Mendelson v. Mendelson, 341 So.2d 811, 813-14 (Fla. 2d DCA 1977).
Similarly, there was no error in the order declining to permit an amendment to the complaint after the thus-required judgments for Federal. At that point, the court had lost jurisdiction to grant such relief. Hargraves v. Costin, 325 So.2d 486 (Fla. 1st DCA 1975); Atlantic Coast Line R.R. Co. v. Gulf Oil Corp., 206 So.2d 688 (Fla. 2d DCA 1968); Marans v. Stang, 124 So.2d 891 (Fla. 3d DCA 1960).
It is appropriate to add, however, that neither this opinion nor any other factor is an impediment to now amending the fourth amended complaint in the manner sought by Mackin and agreed to by Applestein and the trust (who all have a common interest in securing coverage),[3] and thereupon to proceeding to a determination of Federal's liability under the then-existing fifth amended complaint either by again joining and serving the company in the action itself, a demand by the insureds to defend, or both. While we express no opinion upon the ultimate outcome of that controversy, we do observe that, since we have held in Applestein I that the carrier's responsibility is entirely and exclusively governed by the contents of the operative complaint against the insureds, the judgment entered with respect to the earlier pleading  which we ordered in the prior opinion and affirm in this one  cannot be res judicata.[4]Bernard v. Gulf Ins. Co., 542 S.W.2d 429 (Tex.Civ.App. 1976); see, C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122, 127 (Fla. 2d DCA 1974), cert. denied, 309 So.2d 6 (Fla. 1975); see generally, 19 Fla.Jur. Judgments § 123 (1958).
Affirmed and remanded.
NOTES
[1] We review this order as one entered after final judgment under Fla.R.App.P. 9.130(a)(4).
[2] Mackin has separately challenged an order granting the Applestein defendants' motion to lift sanctions which had previously been imposed upon them. The appeal from this non-final order, which is plainly not subject to Fla.R. App.P. 9.130, is dismissed for lack of jurisdiction.
[3] Under Fla.R.Civ.P. 1.190(a), pleadings may be amended at any stage with the "written consent of the adverse party."
[4] The statute of limitations would likewise be no defense. Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980).