SCHWARTZ, Chief Judge.
After a non-jury trial, the appellee Baron, an attorney, won a money judgment against a client, the appellant Cupeiro, for the breach of an alleged oral agreement under which Baron was to purchase an aircraft for $200,000 and lease it to Cupeiro for two years at a rental of $15,000 per month. At the end of the lease the plane was to be transferred to Cupeiro for a nominal sum. While Baron purchased the plane, Cupeiro did not make any of the allegedly required payments. After a single month of non-payment — during which Cupeiro never even saw, much less took possession of the plane — Baron began efforts, apparently on his own account, to dispose of it. Baron’s judgment was for $346,544.68, including, with certain adjustments, the total of $360,000 due on the lease less a $50,000 figure for which he eventually sold the plane. We reverse.
In our view, the circumstances of the alleged contract[1] completely fail to meet the standards by which an agreement entered into between an attorney and his *371 client must be assessed. If considered, as seems most likely in terms of the commercial realities of the situation, as a financing device, the return of $360,000 to Baron on a $200,000 investment over two years amounts to a clearly excessive interest rate of 40% per year. Pasternak v. Brook, 528 So.2d 1354 (Fla. 3d DCA 1988); § 687.03, Fla.Stat. (1987). Treated alternatively as a lease and sale provision, the net profit to the attorney would amount — and as enforced by the court did amount — to no less than 80%. Particularly because the record does not contain the required clear and convincing evidence of Baron’s full disclosure to his client of the ramifications of the transaction, see Abstract & Title Corp. v. Cochran, 414 So.2d 284, 285 (Fla. 4th DCA 1982), we cannot enforce this supposed agreement. It is, of course, well settled that
[tjhere is no relationship between individuals which involves a greater degree of trust and confidence than that of attorney and client. The relationship has its very foundation in the trust and confidence the client reposes in an attorney selected to represent him. The attorney is under a duty at all times to represent his client and handle his client’s affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity. Business transactions between attorney and client are and always ought to be subject to the closest scrutiny because of this underlying relationship. It is an ancient and firmly established principle of the law that the burden is placed upon an attorney to establish by clear and convincing evidence the fairness of an agreement or transaction purporting to convey a property right from a client to his attorney. Moreover, the burden is cast upon the attorney in transactions of this kind to establish that such was made upon full and adequate consideration.
Gerlach v. Donnelly, 98 So.2d 493, 498 (Fla.1957); accord, The Florida Bar v. Simonds, 376 So.2d 853 (Fla.1979); Bolles v. O’Brien, 63 Fla. 342, 354, 59 So. 133 (1912); Waldeck v. Marks, 328 So.2d 490 (Fla. 3d DCA 1976); Smyrna Developers, Inc. v. Bornstein, 177 So.2d 16 (Fla. 2d DCA 1965); Crane v. Stulz, 136 So.2d 238 (Fla. 2d DCA 1961). Applying these standards, not only does the “fairness” of the transaction not affirmatively appear, its direct antithesis is manifest upon this record.
Accordingly, we conclude that the judgment below must be reversed and the cause remanded to dismiss the complaint.
Reversed.[2]

. Our disposition of the cause makes it unnecessary to resolve the difficult question of whether the oral contract which, because it was of two years duration is clearly subject to the statute of frauds, Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937); § 725.01, Fla.Stat. (1987), is taken "out of the statute” by Baron's partial performance in his purchase of the aircraft. See and compare Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720 (5th Cir.1959) with Wackenhut Corp. v. Conner, 420 So.2d 383 (Fla. 3d DCA 1982); Minsky's Follies v. Sennes, 206 F.2d 1 (5th Cir.1953).

. Although we need not reach the question, we note, as an alternative basis for reversal, that the measure of damages adopted below was incorrect. Since there was no showing that Baron’s repossession of the aircraft and his subsequent efforts to dispose of it were taken on Cupeiro’s account, rather than his own, Baron’s damages are limited to $15,000, the one month’s rent due before Baron terminated the lease. Wolf v. Buchman, 425 So.2d 182 (Fla. 3d DCA 1983). See generally Stenor, Inc. v. Lester, 58 So.2d 673 (Fla.1951); see also § 83.595(1)(a), Fla.Stat. (1987).