SCHWARTZ, Chief Judge.
In Perez v. George, Hartz,Lundeen, Flagg & Fulmer, 662 So.2d 361 (Fla. 3d DCA 1995), review denied, 666 So.2d 143 (Fla.1995), we decided the distribution of attorneys’ fees from the $500,000 settlement of a claim against Nissan Motors for the wrongful death of Lillian Perez, the child of Ramiro Perez and Lidia Moreno. We now consider several orders entered by the trial court after the case was remanded. We hold:
1. The order requiring the George,Hartz firm, which represented Ms. Moreno and effected the recovery, to pay interest to the estate for the period in which it retained that portion of the attorneys’ fees, $83,333.00, to which we held it was not legally entitled because it was not retained by Mr. Perez, see Perez, 662 So.2d at 364, is affirmed. See Zuckerman v. Hofrichter & Quiat, P.A., 672 So.2d 888 (Fla. 3d DCA 1996); Mann v. Thompson, 118 So.2d 112 (Fla. 1st DCA 1960).
2. The order for the $83,333.00 to be paid to the estate — obviously for the benefit of both the mother and father — rather than to the father individually was expressly required by our prior decision, Perez, 662 So.2d at 364-65, and is therefore of course affirmed. See O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla.1974); Hollander v. K-Site 400 Assocs., 657 So.2d 16 (Fla. 3d DCA 1995); Wilcox v. Hotelerama Assocs., 619 So.2d 444 (Fla. 3d DCA 1993); Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980). Perez’s position, as pressed by his attorney, Roger Bridges, on this point was specifically advanced, considered, and rejected in Perez and the present attempt to reargue the issue is frivolous.
3. Next, we reverse the trial court’s awards, purportedly entered under section 733.106(3), Florida Statutes (1995), of attorneys’ fees against the estate and to Roger Bridges, Lawrence Allen and Roger Bernstein for $37,000, $6,000, and $800, respec *959 tively. This result is required for two equally compelling reasons.
(a) The awards run directly contrary to the letter, spirit, and thus “the law of the [previous] case,” Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550 (Fla. 1984); Lawson v. Latham, 564 So.2d 1216 (Fla. 3d DCA 1990); Flinn v. Shields, 545 So.2d 452 (Fla. 3d DCA 1989), which carefully restricted the sums to be paid from the settlement specifically so that the windfall created by the George,Hartz firm’s inability to receive its entire contingency fee would inure entirely to the parents and not to other lawyers. Perez, 662 So.2d at 364-65;[1] and
(b) None of the legal services in question in fact were rendered “to [the] estate,” or for its benefit, as section 733.106(3) requires. As for Allen, who was retained by Perez in the wrongful death case, his services, such as they were, were performed almost exclusively either in that matter or in support of his own personal claims for fees. Since Bernstein was granted expert witness fees for testifying on Allen’s behalf, the rejection of Allen’s claim means that his falls as well. Finally, we find Bridges’s award for, the trial court said, “obtaining” the $83,333 for the estate, particularly indefensible. This is because, far from serving to benefit the estate, his efforts were undertaken entirely in opposition to its interests. In the trial court, in the previous appeal, and, as we have seen, in this one, Bridges argued — albeit with a total lack of success — that the fee in question should not be paid to the estate, but to his “client,” Perez, individually — with the not incidental effect of subjecting that amount to Bridges’s contingent fee contracts with him.[2] The benefit to the estate effected by the decision in Perez was thus not “obtained” by or because of Bridges, but in spite of him and over his explicit opposition.[3] See Pfeifer v. Varner, 452 So.2d 622 (Fla. 3d DCA 1984), pet. for review denied, 461 So.2d 116 (Fla. 1985); In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978).
4. Finally, we vacate the $7,600.00 which the trial court awarded Allen from Perez’s individual share of the estate.[4] Not only is the amount apparently excessive for what we characterized as Allen’s “nominal and inconsequential labor” in the wrongful death case, Perez, 662 So.2d at 364, but, more importantly, the entire proceeding was fatally infected by the conflict of interest in the *960 representation of Mr. Perez[5] against which we specifically — but totally ineffectively— warned in the prior opinion. Perez, 662 So.2d at 365; see In re Estate of Montanez, 687 So.2d 943, 946-47 (Fla. 3d DCA 1997). Because we believe that the history of the case demonstrates that proceedings in the probate court should be brought to an end, we do not reverse for a new trial. Instead, we direct that Allen’s claim against Perez be considered, if at all, only in an independent action in the county court.
Accordingly, promptly after remand, the lower court shall order the contents of the estate in question, without deduction of any fee awards of any kind, distributed equally and individually to the parents of the deceased child.
Affirmed in part, reversed in part, vacated in part, and remanded with directions.

. It is true that, from our appellate tower, we naively did not foresee the extent either of the legal ingenuity engendered by the apparent availability of attorney's fees or of the willingness of the probate court to award them, see Sugarman v. Galbut, 693 So.2d 640 (Fla. 3d DCA 1997), and so did not expressly forbid these awards in our prior opinion. This fact, however, does not preclude the application of the law of the case doctrine or the rule that an appellate court's mandate must be followed without deviation to overturn orders which so clearly contravene both principles. See Brunner, 452 So.2d at 552; Wilcox, 619 So.2d at 445-46.

. Bridges initially contracted with Perez to represent him for a portion only of the fees secured by Allen, so that Bridges’s services would not cost Perez any additional sums out-of-pocket. Subsequently, Bridges successively secured two new agreements for him to receive, first one-third and then forty percent of any amounts Perez personally secured from the refunded portion of the George,Hartz fee. The latter agreements, entered into, as they were, in the course of the attorney-client relationship, were undoubtedly void for lack of consideration and overreaching. The Florida Bar v. Simonds, 376 So.2d 853 (Fla.1979); Gerlach v. Donnelly, 98 So.2d 493 (Fla. 1957); Halstead v. Florence Citrus Growers' Ass’n, 104 Fla. 21, 139 So. 132 (1932); Bolles v. O’Brien, 63 Fla. 342, 59 So. 133 (1912); Cupeiro v. Baron, 555 So.2d 370 (Fla. 3d DCA 1989).

. We cannot overlook the severe conflict of interest involved in Bridges’s simultaneous representation both of Perez and of himself in securing below and defending here his own fee award against the estate. If afiirmed, the order would have resulted in Perez's payment, as a fifty percent beneficiary of the estate, of half that award to his own attorney. It is only as a result of the reversal that Perez retains all the distribution himself. (Although to a lesser extent, the same criticism may be made of the George,Hartz firm's representation of itself on the interest question and the opposing interests of the estate and Ms. Moreno.).

. Because the issue has not been presented in the briefs, we do not consider the possibility that, under the prior decision, this claim (ironically enough, alone of the ones before us) was properly made against the estate. See Perez, 662 So.2d at 364.

. See supra notes 2-3.