# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-497

_____

STATE OF FLORIDA, DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES,

> Petitioner,

v.

JAMES M. KAMAU,

> Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

October 3, 2018

ON MOTION TO ENFORCE MANDATE

PER CURIAM.

Respondent's motion to enforce this Court's mandate in *Florida Department of Highway Safety & Motor Vehicles v. Kamau*, 174 So. 3d 1054 (Fla. 1st DCA 2015), is denied. The motion is based on the premise that the circuit court did not comply with our mandate to "follow the correct law" when it denied Respondent's petition for writ of certiorari on remand because the court did not apply *Wiggins v. Florida Department of Highway Safety and Motor Vehicles*, 209 So. 3d 1165 (Fla. 2017), which was issued after the mandate. That premise is flawed because *Wiggins* did not overrule the well-established rule cited in our prior opinion that the circuit court in a first-tier certiorari

proceeding is not permitted to reweigh the evidence presented to the hearing officer. Rather, the decision merely recognized a narrow exception to that rule in cases where the hearing officer's findings are directly contradicted by a video recording. *Id.* at 1172, 1175. Here, because there was no video recording of the stop that led to the suspension of Respondent's driver's license, *Wiggins* has no bearing on the law that the circuit court was required to apply in ruling on the petition for writ of certiorari. Accordingly, because we determined in our prior opinion that the circuit court "improperly reweighed the evidence concerning the lawfulness of Respondent's detention and arrest" when it granted the petition for writ of certiorari, it follows that the court complied with the mandate when it declined to "reconsider[] the merits" and denied the petition on remand. *See Brunner Enters., Inc. v. Dep't of Revenue*, 452 So. 2d 550, 552 (Fla. 1984) ("[I]t is a well-settled rule of law that 'the judgment of an appellate court, where it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act.'" (quoting *O.P. Corp. v. Vill. of N. Palm Beach*, 302 So. 2d 130, 131 (Fla. 1974))).

B.L. THOMAS, C.J., and WETHERELL and RAY, JJ., concur.

--------------------------------

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

--------------------------------

Christie S. Utt, General Counsel, and Mark L. Mason, Assistant General Counsel, State of Florida, Department of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.

David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Respondent.

2