414 So.2d 284 (1982)
ABSTRACT AND TITLE CORPORATION OF FLORIDA, Appellant/Cross-Appellee,
v.
Josephine H. Zorn COCHRAN, Robert H. Cook, Jr., Nancy C. Cook, Michael O'Haire and Thomas F. O'Haire, III, Appellees/Cross-Appellants.
No. 81-760.
District Court of Appeal of Florida, Fourth District.
May 26, 1982.
Fred T. Gallagher of Vocelle & Gallagher, Vero Beach, for appellant/cross-appellee.
Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellees/cross-appellants, Zorn and Cook.
Michael O'Haire and Norman A. Green, Vero Beach, for appellees/cross-appellants, O'Haire.
DELL, Judge.
This appeal involves an action for specific performance of a right of first refusal by O'Haire against Cochran and the Cooks. The Cooks filed a third party complaint against Abstract and Title Corporation of Florida, alleging that any damage to the Cooks was the result of Abstract and Title's negligent preparation of the abstract. The trial court upheld the validity of the right of first refusal, but denied specific performance, and found Abstract and Title guilty of negligence. The court ordered the Cochran-Cook deed set aside, ordered Cochran to notify O'Haire in writing of any future sale of the land, and retained jurisdiction to determine the damages for which Abstract and Title would be liable. All parties appeal.
In 1973 Cochran offered for sale a portion of Lot # 36 (Parcel # 1). Her offer contained a right of first refusal to purchase the balance of Lot 36 (Parcel # 2). Cochran entered into a written contract with her friends, the Cooks, which contained a detailed right of first refusal. O'Haire, Cochran's attorney and friend, drafted this contract. Cochran and the Cooks amicably rescinded their contract. Six months later, *285 O'Haire purchased Parcel # 1 without a written contract, on terms substantially the same as those contained in the Cochran-Cook contract. The deed to Parcel # 1, prepared by O'Haire, conveys the land with an easement for ingress and egress, and subject to certain matters of record. At the end of this lengthy paragraph, the following language appears without emphasis of any kind:
Grantors give to Grantees right of first refusal to purchase balance of Lot 36 [parcel # 2] owned by Grantors.
The deed did not contain the specific terms of the right of first refusal, nor does the deed incorporate the rescinded Cochran-Cook contract by reference.
In 1978 Cochran sold Parcel # 2 to the Cooks without notice to O'Haire. An abstract, prepared by Abstract and Title, did not include the deed to Parcel # 1. All parties to the sale of Parcel # 2, including the Cook's attorney, knew of a possible interest in O'Haire, but no one made inquiry of him. After learning of the Parcel # 2 conveyance, O'Haire attempted to exercise his right of first refusal, Cochran refused tender, and O'Haire brought suit.
On cross-appeal, defendants Cochran and the Cooks contend the trial court should have found the right of first refusal invalid for abuse of the attorney-client relationship, and for overreaching. Defendants are correct, and this holding renders moot all other points on appeal.[1]
Although there is nothing inherently wrong with an attorney doing business with his client, such transactions are closely scrutinized, and the measure of good faith which an attorney must exercise in such transactions is much higher than that required in an arm's length transaction. Waldeck v. Marks, 328 So.2d 490 (Fla. 3d DCA 1976). The attorney must show not only that he exercised no undue influence, but also that he gave his client all the information and advice which it would have been his duty to give if the transaction were made with a stranger. Bolles v. O'Brien, 63 Fla. 342, 59 So. 133 (1912). The attorney must carry this burden by clear and convincing evidence. Williams v. Bailey, 69 Fla. 225, 67 So. 877 (1915).
The evidence of Cochran's knowledge of and intent to be bound by a right of first refusal was sharply conflicting. Although she testified that she always stated that whoever bought Parcel # 1 should have first refusal on Parcel # 2, she also testified that she considered this a moral obligation because of the nature of the property, rather than a legal commitment. She testified that O'Haire did not explain the nature and consequences of a right of first refusal, while O'Haire testified that he and Mrs. Cochran discussed the ramifications of the right of first refusal and why it was meaningful in relation to this property. Cochran testified that she trusted O'Haire, never read the documents he prepared for her, that she told him what to do and then signed, trusting that he had followed her instructions. O'Haire testified that Cochran was fairly careful about what she signed, that she would ask him to prepare instruments, then take them home and come back in a week or two after she read them.
This conflicting testimony does not meet the clear and convincing standard required of an attorney who enters business transactions with his client. If we resolve all conflicts in this evidence in favor of O'Haire, two crucial omissions remain. O'Haire testified that he never advised Cochran to seek separate counsel, and that he did not inform Cochran of his intention to place the right of first refusal in recorded form. These omissions mandate a finding that O'Haire did not give Cochran all the information and advice it was his duty to give under Williams and Bolles, supra.
The judgment of the trial court is reversed, and remanded with directions to *286 reinstate the Cochran-Cook deed and rescind the order requiring Cochran to notify O'Haire of any future sale. The liability of Abstract and Title is rendered moot by the holding herein, and the trial court is directed to relinquish its retained jurisdiction.
REVERSED AND REMANDED WITH DIRECTIONS.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] Since the right of first refusal is invalid, the Cooks have no damages for which Abstract and Title can be liable, nor can O'Haire specifically enforce an invalid right. The Cooks also claim the trial court should have imposed a constructive trust in their favor on Parcel # 1, but this claim is clearly without merit.